By the Court,

Cowen, J.
We felt quite clear against the defendants on the argument, in respect to all the causes of the demurrer urged by their counsel; but in regard that the pleading is under a new statute, we reserved the case for some farther consideration.
It was assigned as special cause of demurrer, that the action was in the debet et detinet, whereas it should have been in the detinet only: The answer to which is, that the declaration is properly in the debet et detinet, according to the settled rules of pleading. No part of the cause of action accrued to the testator in his lifetime. It was urged ore tenus on the argument, that the declaration is bad in not specifying the misconduct for which the attachment issued, so that the defendants may know the measure of damages; and also that it does not appear that the plaintiffs were the parties aggrieved by such misconduct. There is no foundation for these objections as matter of substance. The plaintiffs are sufficiently connected with the proceeding as the parties aggrieved, and the objection that the misconduct of the sheriff should be shown, belongs entirely to another stage of the cause. Non-appearance alone, at the return day, is the gravamen (2 R. S. 539, § 27); and an averment of that is equivalent to an allegation of special damage (id. § 29). The misconduct is matter of proof; at all events the non-appearance at the return day is enough to show a forfeiture of the penalty, and raise the legal intendment of some damage. If damage for specific misconduct be not proper under that general allegation, the objection can only come at the trial, on the ordinary ground that, being remote and not the direct or necessary result of the default, the defendants should therefore be apprised of the claim by pleading. It is plain to my mind, however, that the statute intended to let in a claim both for the costs of the at- - tachment and damages for misconduct, under this general allegation. [62] (§ 27 and 29).
Nor can the objection as to the want of a venue for the application and order, and the issuing of the writ be sustained. These are all judicial proceedings evidenced by the records of the court; and in legal contemplation the acis are done at the time and place of its session, which are fixed by a public statute. The declaration alleges that by special order, on the plaintiff’s application, the writ issued, tested the 17th of January, 1835, which was a day in January term, hoiden at Albany. The issuing a writ is not laid with a venue in an action on a common bail bond (2 Chit. Pl. 446). Nor is a venue ever necessary in pleading a matter of record in the higher courts (1 Chit. Pl. 250-1).
Another cause of demurrer is, that the attachment is not averred to have been returned. This is assigned as a defect in substance. It was the defendant’s duty' to appear,,although the sheriff may have neglected to return the attachment. The court has jurisdiction though no return be made. The defendant must present himself according to the condition of the bond; and the court will see that neither he nor the relator suffer any inconvenience for want of a return. The declaration by the assignee of a bail bond does not aver the return (2 Chit. Pl. 449).
Another defect, and which is urged as substantial, is said to exist in not averring the call of the defendant and entering his default of record. What *38 ever the rule may he in respect to a recognizance, no such form is necessary on a bail bond. The pleader was correct in following the precedent of a declaration upon a common bail bond (2 Chit. Pl. 449). The calling and default are mere matter of practice; and the practice of the court is not, in general, the subject of pleading (1 Chit. Pl. 407). The issue in an action on a bail bond is simply “ did not appear at the day,” by the plaintiff, and “ did appear at the day,” by the defendant. The mode or evidence of appearance or non-appearance, which is known under the practice to he quite artificial, is never mentioned; but only the legal effect, according to a cardinal rule which runs through all pleading. Whether the appearance he practically correct, is matter of evidence.
The only remaining cause which calls for notice is, that the de[63] claration should have averred the issuing of the original and alias, as the attachment in question appears to have been a pluries. The objection is clearly not as good as matter of substance; and not having been assigned specially, it is not necessary to inquire how it would have been regarded in that view. I have no doubt, however, that the setting forth of the original and alias would be a very useless matter in the declaration (see 1 Chit. Pl. 202, 203), which on the whole appears to he very well drawn, for one upon a new and special statute under which no regular system of pleading has yet grown up.
Judgment for plaintiffs.