By the Court. Sandford, J.
The first class of objections arises upon the reference and the report. It is contended, 4. That the third referee must be appointed by a rule or order of the court, after he is named by the two referees first selected. This, we think, is not the meaning of the code. The selection of the third referee, is made exclusively by the two chosen by the parties. If those two cannot agree, he is to be •selected by drawing a name from the jury box. The court has ao agency in the matter, and no rule or order is necessary. (Code, § 229.) 2. u The cause” was referred, and it is said the order of reference did not indicate that the issues of law were embraced in it, or that the referees were to report upon the At whole issue,” We think that when an order is made referring the cause, without any limitation ; all the issues formed by the pleadings, are necessarily embraced in the reference, and that the referees therefore must report upon the whole issue. (Code, § 225, 227.)
*644 3. It is said the report does not state all the facts found and the conclusions of law upon them. On looking into the report, we find sufficient conclusions both of law and fact stated, to dispose of the material issues in the cause, and to sustain the damages reported. For the purposes of a review of the decision of the referees, the defendant will require a great deal more than the report would furnish him, which he claims ought to have been made. He will need a report in the nature of a case or bill of exceptions. (Code, § 227)
As to the two first of these objections, we may add, that the parties having gone to trial before the three referees, and contested all the questions involved; neither party should now be permitted to raise such objections; and as to the third, if the report had omitted some one issue, it would be almost of course, to permit an amendment.
Second. The next class of objections, is upon the entry of the judgment. 1. Because no copy of the report was served on the defendant before its entry. It is true, our 45th rule required a copy of the report to be served, before entering the rule for judgment. But under the code, there is no rule for judgment; and the practice for which the rule of court provided, is superseded by the provisions of the code as to proceedings upon references. A sufficient notice to guard against surprise, is contained in the provision requiring two days notice to be given of the application to the clerk to adjust the amount of costs. (Code, § 266.) The notice to cut off an appeal, is-, given after the decision or judgment. (§ 223.)
2. It is strenuously contended, that the judgment is irregular, because it was entered without the direction of a single judge. The defendant relies on section 233, which requires all judg;ments on issues, “ to be entered in the first instance upon the direction of a single judge.” (The court examined the point at large, and held, that no direction of a judge was necessary, and that the clerk must enter judgment at once upon filing the report. The|amended code, (1849,) having made express provision for the case, the reasons assigned are omitted.)
Third. The regularity of the execution is next attacked; and 1. Because the judgment roll was wrong in omitting the de *645 fendant’s answer, and thus there was no legal judgment roll to sustain the docket, on which the execution issued.
As to this, the duty of the prevailing party ends, when he has filed the decision of the court and adjusted the costs. It is the clerk’s duty to enter the judgment, and make up the judgment roll. (Code § 234 to 236.) The party has no control of the proceedings, nor any thing to do with it, beyond seeing to it that all the papers he is bound to furnish, are on file. We therefore think, that when on the entry of the judgment and the request of the party to docket it, the clerk furnishes to him a transcript of the docket, it is not his province to ascertain whether the clerk has performed his own duty in attaching together the pro-, per papers, and filing the judgment roll. Whether a total omission of the clerk in that behalf, would impair the docket and execution ; or whether we would order it filed by relation, so as to protect both ; we need not now determine. Here there was a judgment roll filed. It may have been irregular, for want of the answer. If it were, it was not the plaintiff’s fault; the roll was not a nullity; and we would sustain it, by directing the original answer or a copy to be attached, as of the date when the roll was filed. A copy was in fact attached, before the motion was brought on, and we hold that the roll is sufficient as it stands. (See Clute v. Clute, 4 Denio, 241.)
2. It is said the judgment roll must contain the case showing the proceedings before the referees, and that the defendant was entitled to ten days notice of the entry of the judgment, before the roll could be regularly filed. This we think is an entire mistake, as to the judgment entered on the referees report. In the judgment roll made up after the decision of the entire court on an appeal, the case should be inserted, unquestionably. The 223d section of the code, which provides for making a case, does not require it to be prepared sooner than within ten days after notice of the entry of the judgment, and it is the duty of the clerk to make up the roll immediately after entering the judgment. Of course, a judgment so entered and enrolled, could not contain the case ; and there is nothing in the code requiring the prevailing 'party to wait any length of time, before filing the decision and entering judgment, whether it be of one judge or of referees. The *646 only restraint, is the two days notice of adjusting the costs. The 220th section, cited by the defendant, relates to questions reserved for consideration before the judge who tries the cause ; not to cases made for review in the first instance before the entire court, at the general term.
The plaintiff’s proceedings have been regular, and the motion must be denied.
Nov. 24th, 1849.—The case was presented to the court again, on a motion to dismiss the appeal taken by the defendant from the judgment entered on the referees report. Notice of the entry of the judgment was given to the defendant’s attorney on the 24th of February 1849 ; and notice of the appeal was not served until the 8th day of May. The delay was owing to the pendency of the foregoing motion to set aside the judgment, which was not decided at chambers till March 24th. The defendant appealed from the decision, and it was affirmed by the general term on the 28th of April. The defendant served his proposed case on the 25th of April, and it was settled on the 4th of June.
By the Court. Oakley, Ch. J.
The code of 1848 requires appeals to be made in ten days after written notice of the entry of the judgment (§ 280;) and if this appeal can be sustained, it must be on the ground, either that the motion to set aside the judgment, enlarged the time for appealing, or that this court may enlarge it. We have considered the matter, and conclude that neither ground is tenable. Where the time for appealing or the like, was regulated by a rule of court, in the former practice, it was in the power of the court at all times to relieve parties in default, so that there should be no failure of justice. But where the law directs anything to be done within a specified period, the court cannot interfere to extend it.
The provision in the code of 1848, was very stringent and very plain; and that part of the code which gave to a judge power to enlarge the time in certain cases, expressly excepted the time within which an appeal was to be taken. (§ 366.) The only mode in which we can extend the time for appealing, is by *647 an order suspending the entry of the judgment on good cause shown.
The defendant supposed the judgment could not be entered, until the case was made and settled. This is an error, there being no stay of proceedings. We think moreover, the case when settled may, by an order, be annexed to the judgment roll at any time ; as was frequently done with bills of exceptions under our former practice.
The motion to set aside the judgment did not affect the time for appealing. The party took the hazard of losing that remedy, in the event of failing in his motion. We regret very much the position in which this defendant is placed, but the appeal is too late, and it is not in our power to relieve him.
Appeal dismissed.