## RAYNER *vs.* CLARK and LAWRENCE.

An appeal lies to the general term from a judgment entered upon the report of a referee by the direction of a single judge of the court; although the judge did not pass directly upon the amount to which the party recovering was entitled.

Upon such appeal, not only the correctness of the report and decision of the referee and the judgment entered thereon, is the subject of review, but a prior order made by the judge declaring the answer of the defendants frivolous and directing judgment for the plaintiff, is properly before the court.

A judgment, rendered against a surety in a bond as well as the principal, for an amount exceeding the penalty, is erroneous.

The liability of a surety is limited in amount, by the penalty of his bond; and he can in no event become liable for a greater amount.

If a complaint does not state facts sufficient to constitute a cause of action, the defect will not be waived by the omission of the defendant to demur, for that cause.

But for such a defect in substance, in the complaint, the defendant may appeal from the judgment, to the general term.

In an action upon a bond given upon the arrest of a party upon an attachment issued for a contempt of court, the plaintiff should state and show, in his complaint, his connection with, and relation to, the attachment proceedings, and how, and to what extent, he was aggrieved by the acts of the defendant

The order of the court, for the prosecution of such a bond, only operates as an assignment to the aggrieved party; and the fact that the person bringing the action is the aggrieved party must be averred in the complaint, and proved upon the trial.

THIS was an appeal from a judgment entered upon the report of the clerk. The action was upon a bond in the penalty of $250, given upon the arrest of Clark on an attachment foi an alledged contempt of court. The plaintiff, in his complaint, alledged the making of the bond to the sheriff of the county of Madison, and set it out *in haec verba.* It was conditioned for the appearance of Clark at the next special term to be held in the county, to answer for the contempt, and abide the order of the court. The plaintiff then averred the non-appearance of Clark according to the condition of the bond, and that the bond thereby became forfeited and the defendants became liable to pay the penalty, and that the court ordered the bond to be de-

livered to the plaintiff for prosecution, and claimed judgment for $250 and interest from April 2, 1849, besides costs. The defendants put in an answer, which, upon motion, was stricken out as frivolous, and judgment ordered for the plaintiff, and that it be referred to the clerk of Onondaga county to assess the damages of the plaintiff, on proof before him. The clerk assessed the damages at $254,17, and for that amount, besides costs, judgment was perfected, and the defendants appealed therefrom.

*J. S. Spencer*, for the appellant.

*D. D. Hillis*, for the respondent.

*By the Court*, ALLEN, J.  By section 348 of the code an appeal may be brought in this court to the general term, from a judgment entered upon the direction of a single judge of the same court.  In this case the judgment was entered upon the direction of a single judge, in pursuance of the provisions of section 247 ; and although the judge did not pass directly upon the amount to which the plaintiff was entitled, an appeal lies to reverse the judgment.  The court of appeals have authority to review upon appeal only " actual determinations" of the inferior court ; that is, questions upon which the inferior court have actually passed.  (*Code*, §§ 11, 333.)  But an appeal to the general term of this court, from a judgment of the same court, is put upon a different footing.  Not only the correctness of the report and decision of the referee and the judgment entered thereon, is the subject of review, but the order of the judge, declaring the answer of the defendants frivolous and directing judgment for the plaintiff, is properly before us upon the appeal. (*Code*, § 329.)

I.  The judgment is erroneous, as it was rendered against the surety as well as the principal, for an amount exceeding the penalty of the bond.  The liability of the surety was limited in amount by the penalty of his bond, and he could in no event become liable for a greater amount.  (*Clark* v. *Bush*, 3 *Cowen*

151. *Fairlie* v. *Lawson*, 5 *Id*. 424.) Perhaps, however, if this were the only difficulty, we might modify the judgment appealed from, and reverse it for the excess over the penalty of the bond, and affirm it for the residue. (*Code*, § 330.) But it is unnecessary to decide this point, or to attempt to put a construction upon the section of the code last quoted.

II. The complaint does not state facts sufficient to constitute a cause of action; and this defect is not waived by the omission of the defendants to demur for that cause. (*Code*, §§ 144, 148.) All that a party admits by suffering a default is the truth of the facts alledged against him; and if a declaration under the former system, did not contain sufficient to show a cause of action, the defendant could, in most instances, take advantage of the defect either by motion in arrest of judgment or writ of error. And for a like defect in substance in the complaint, under the code, the defendant may appeal from the judgment to the general term. The form of the remedy only is changed. (*Callagan* v. *Hallett*, 1 *Caines*, 104.)

The proceedings in which the bond whereon the action is brought was given, were had under title 13 of chapter 8 of part 3d of the revised statutes. (2 *R. S.* 534.) By that act, (§§ 27, 28, 29,) it is provided that if the defendant against whom an attachment shall have been issued is returned served, do not appear on the return day thereof, the court may order the bond taken upon the arrest to be prosecuted, and that such order shall operate as an assignment of the bond to any aggrieved party, who may maintain an action thereon in his own name, in the same *manner as in other actions on bonds with conditions to perform covenants other than for the payment of money*, and that the measure of the damages to be assessed in such action, shall be the extent of the loss or injury sustained by such aggrieved party by reason of the misconduct for which the attachment was issued, and his costs and expenses in prosecuting such attachment. The plaintiff should have stated and shown, in his complaint, his connection with, and relation to, the attachment proceedings, and how, and to what extent, he was aggrieved by the acts of the defendant. (*McDonald* v. *Hobson*, 7 *How*.

Rayner *v.* Clark.

*Rep.* 745.) For aught that appears in the complaint, the plaintiff has no more right to bring and maintain an action on the bond than any other man ; and if his complaint is good in substance, the *onus probandi* is changed from the plaintiff to the defendant. Instead of its resting upon the plaintiff to make out his case in the first instance, it will devolve upon the defendant to show that the plaintiff was not the aggrieved party, and that he has not sustained damages. By the code, the complaint must contain a statement of the facts constituting the cause of action, in ordinary and concise language. (*Code,* § 142, *sub.* 2.) At common law, the declaration must have contained a full, regular and methodical statement of the injury which the plaintiff had sustained, and all the circumstances necessary for the support of the action. (1 *Chit. Pl.* 255.) The code has not undertaken to dispense with the substance of the old declaration. In *Thomas* v. *Cameron,* (17 *Wend.* 59,) the declaration was held good in substance, in a case like the present, upon an averment that the plaintiffs were the parties aggrieved. But in this case there is no such averment ; and damages to the *plaintiff* are not a legal consequence of the non-appearance of Clark upon the return of the attachment, as they would be if it appeared that he was the aggrieved party. (*See also Bank of Buffalo* v. *Boughton,* 21 *Wend.* 57.) The order of the court, for the prosecution of the bond, only operates as an assignment to the aggrieved party ; and the fact that the party bringing the action is the aggrieved party, must be averred in the complaint and proved upon the trial. The plaintiff in this action has not done it, and was not, therefore, entitled to a judgment. And so much of the order of the judge as directs judgment for the plaintiff, and the judgment, must be reversed. By section 173 of the code, the court may at any time, in furtherance of justice, and on such terms as may be proper, amend pleadings or proceedings by inserting any allegation material to the case. Although the plaintiff was not entitled to a judgment, neither were the defendants, for the reason that they had not, by demurrer or otherwise, put themselves in a situation to ask a judgment in their favor. The plaintiff, upon a reversal of the judgment,

---

will be placed in the same situation that he was in before the order for judgment. Then, with the answer stricken out, he was in a situation to apply for leave to amend his complaint; and there appears to be no good objection to granting the same relief at this time which would be granted upon special motion. The judgment is therefore reversed, with costs of the appeal; and the plaintiff is at liberty at any time within twenty days, upon payment of the costs of the appeal, to amend his complaint or serve a copy of the amended complaint. The defendants to have twenty days after the service of the amended complaint, upon their attorney, to answer or demur to the same.

