Simmons agt. Johnson.

---

## SUPREME COURT.

### SIMMONS agt. JOHNSON Adm'r.

Under the present Code, the decisions of a referee upon the whole issue, can not be reviewed nor a rehearing granted by a special term.

*The decision in the case of Church agt. Rhodes, ante page 281, approved.*

*Fulton Special Term, May* 1852. This was a motion to set aside the report of a referee in favor of the plaintiff, " as being against the weight of evidence, and also for a rehearing."

M. FRASER, *for Defendant* .

M. & J. McMARTIN, *for Plaintiff.*

HAND, Justice.—The preliminary objection, that under the present Code the defendant has mistaken his remedy, is conclusive. The Code of 1849 authorized the court to grant a rehearing (§ 272). In the revision of 1851, and also of 1852, this clause was omitted (Church agt. Rhodes, 6 *How. Pr. R.* 281). The decision of a referee must now be reviewed " in like manner and not otherwise, as on a trial by the court" (*Codes of* 1851 and 1852, § 272). I find no authority in the Code to overrule the decisions of a single judge on a trial by the court, either by a

review or rehearing, at a special term (§ 268). An appeal "upon the facts," now lies to the general term from a judgment, entered upon a report of referees, or by the direction of a single judge (*Code of* 1852, § 348; and see Graham agt. Milliman, 4 *How. Pr. R.* 435). Where the report is upon the whole issue, no doubt judgment may be entered up thereon of course (§ 272, 278).

I thought this could not be done under the Code of 1848, for then judgment could not be entered except upon the direction of a single judge, in but two cases (*Code of* 1848, § 233). It was upon this section and some adjudged cases, that I decided Deming vs. Post (1 *Code R.* 120). The Code of 1849 expressly authorized the entry of judgment upon a report of referees (*Code of* 1849, § 278). It was upon that change of the statute, Van Valkenburgh vs. Allendorf (4 *How.* 39) was decided, and not upon any change of opinion.

The third and fourth Codes have retained this provision, and the same result follows (*Codes of* 1851 and 1852, § 278). That section also makes the judgment subject to a review at a general term, where, as we have seen, questions of fact may also now be examined (*Code,* § 348, 268). If the facts only are reported and the report, consequently, only amounts to a special verdict, judgment must still be given at a special term (§ 265, 268). It is not necessary here to decide, whether an equity case may not arise, where an application to a special term may still be proper; though it would seem Church agt. Rhodes (*supra*) was an equity case (see Giles vs. Lyon, 4 *Comst.* 599; Burhans vs. Van Zandt, 7 *Barb.* 91; Griffing agt. Slate, 5 *How. Pr. R.* 205). For this is a case at law, and all the issues were referred.

There have been a variety and contrariety of opinions upon this question of reviewing the report of referees (Raynor vs. Clark, 7 *Barb.* 581; Wilson vs. Allen, 6 *id.* 542; Pepper agt. Goulding, 4 *How.* 310; Leggett agt. Mott, *id.* 325; *S. C.* 2 *Sandf. R.* 720; Lusk agt. Lusk, 4 *How.* 418; Enos agt. Thomas, 5 *id.* 361; LaWall agt. Grigg, *id.* 158; Nones agt. Hope Mutual Ins. Co. *id.* 157; Renouil vs. Harris, 2 *Sandf.* 641; and see Ball agt. Syracuse and Utica R. R. Co. 6 *How. Pr. R.* 198, and the cases before cited). But I think Mr. Justice GRID-

LEY in Church agt. Rhodes lays down the correct practice, particularly in cases at law; and as there seems to be an ample remedy by an appeal, I am inclined to follow that decision in this case. The motion there was made after judgment, but I think that does not alter the case.

Motion denied with costs.