JOHN J. KELLY v. SAMUEL McCORMICK, impleaded with others.

In an action upon a bond given for the appearance of a judgment debtor, under attachment, in proceedings supplementary to execution, it is not necessary to set forth in the complaint the issuing or return of an execution unsatisfied, nor that an order was made for the attachment.

Whether an attachment, issued against a judgment debtor, for a contempt in neglecting to appear in proceedings supplementary to execution, in the Court of Common Pleas for the city and county of New York, can be made returnable before " one of the judges" of the court at chambers; *quere?*

If not, the irregularity in making it so returnable does not render the attachment void, but voidable merely.

The defect, if any, is not available as a plea in an action upon a bond given in proceedings upon the attachment, but the remedy is by motion to set it aside.

Process duly issued by a court having competent jurisdiction, may be amended, except as to the *return day*, where the same has been improperly made returnable before a judge at chambers.

In cases wherein a judge at chambers may issue a *warrant* of attachment under his hand, the same may, in the Court of Common Pleas for the city and county of New York, be proceeded upon before another judge of the court.

Whether an instrument, received by a sheriff in good faith as security for the appearance of a party arrested for a contempt, and conforming in all respects to the requirements of the statute, except in the omission of a seal, is void as taken *colore officii ? Dub.*

In any event, such an instrument, being assigned to the party for whose benefit it is taken, is valid in his hands, if he elect to ratify and adopt the act of the sheriff in accepting it.

ACTION against a judgment debtor and his sureties, upon a bond or instrument given by him to the sheriff as security for his appearance on the return of an attachment issued against him for a contempt, in proceedings supplementary to execution.

The complaint averred, that the plaintiff " duly recovered a judgment" against the debtor, stating the particulars thereof, and then alleged, " that such proceedings were thereupon had, supplementary to execution, that the said court, upon the 16th day of October, 1850, duly issued an attachment," whereof a copy was set forth. As no question was raised upon the subsequent allegations of the complaint, it is unnecessary to state them.

From the evidence it appeared, that after the judgment, proceedings were instituted in the plaintiff's favor against the debtor, under the second chapter, title ninth, of the Code of Procedure. The order for his examination being disregarded, the court granted an order to show cause why an attachment should not issue. The hearing under this order to show cause was adjourned by consent; and the debtor again failing to appear, a new order to show cause was granted, with like effect. He was then adjudged to be in

contempt, and an attachment was granted. The defendant was not found, and an alias attachment was issued, in the form of a writ, in the name of the people, tested by one of the judges, and signed by the clerk of the court. It was endorsed, "Allowed—let the defendant be held to bail in the sum of three hundred dollars, October 16, 1850, L. B. WOODRUFF, Judge C. P." The direction was to the sheriff, to attach the debtor and bring him, on a day named, at 10 A. M., "before one of the judges of our Court of Common Pleas for the city and county of New York, at their chambers, in the City Hall, New York, then and there to answer," &c.

The sheriff, accordingly, arrested the debtor, and released him from actual custody upon taking from him an instrument, executed by himself and two sureties, in the form of a bond, *but not sealed*, and of which the following is a copy:

"Know all men by these presents, that we, Edward Boylan, Samuel McCormick, and Hiram Cude, are held and firmly bound unto Thomas Carnley, sheriff of the city and county of New York, in the sum of three hundred dollars, lawful money of the United States of America, to be paid unto the said Thomas Carnley or his assigns, to which payment, well and truly to be made, we bind ourselves, our and each of our heirs, executors and administrators jointly and severally, firmly by these presents. "Sealed with our seals. "Dated the 17th day of October, in the year of our Lord one thousand eight hundred and fifty.

"Whereas, the above bounden Edward Boylan is under arrest upon an attachment issued out of and under the seal of the Court of Common Pleas for the city and county of New York, returnable before one of the judges of the said court at the City Hall in the city of New York, on the 25th day of October inst., to answer for certain contempts committed in a certain suit, wherein John J. Kelly is plaintiff, and Edward Boylan is defendant:

"Now, therefore, the condition of this obligation is such, that if the said Edward Boylan shall appear on the return of

the said attachment, and abide the order and judgment of the court thereupon, then the above obligation to be void, otherwise to be and remain in full force and virtue.. "Signed, E. Boylan, Samuel McCormick, 160 South street, Hiram Cude. "Sealed and delivered in the presence of Wm. S. Wood."

The debtor neglected to appear on the return of the attachment. On the application of his counsel, an order was entered, providing that the defendant pay a fixed sum as costs, and attend, to be examined, within twenty-four hours; and in default, that the plaintiff have leave to prosecute the bond. This was also disobeyed, and a subsequent order was entered, granting the leave to prosecute.

In this action, the plaintiff recovered the amount due on the before mentioned judgment, and costs of the proceedings supplementary to execution, including expenses incurred in the attachments. McCormick, one of the defendants, appealed.

*George W. Stevens,* for the appellant.

I. The complaint does not aver that an execution was issued or returned, nor that any order for the examination of Boylan was made, nor that any order for an attachment was made or served on Boylan.

II. The attachment set out in the complaint is void, inasmuch as it is returnable before a judge at chambers, instead of to the court. (4 Bl. Com. 287; *Jackson* v. *Smith,* 5 Johns. R. 116; 2 R. S. 2d ed. 441.) A judge at chambers has no power to punish a party as for a contempt, when an attachment has been awarded by the court.

III. But if section 302 of the Code of Precedure has conferred power upon a judge at chambers, to punish a party as for a contempt upon proceedings supplementary to execution, the attachment must be awarded by and returnable before the judge whose order has been contemned. (*Matter of Smethurst,* 2 Sand. S. C. R. 724; *Matter of Pester,* 2

Code Rep. 98.) In either event, the attachment set out in the complaint in this cause is void.

IV. The defendant is not estopped from availing himself of the fact that the attachment was void, in an action on the instrument signed by him. (*Broadhead* v. *McConnell*, 3 Barb. Sup. Ct. R. 175; *The People* v. *Germond*, 1 Hill, 343; *Matter of Faulkner*, 4 Ib. 598; *Avery* v. *Stark*, 17 Wend. 85.)

V. The instrument taken by the sheriff on the arrest of Boylan, and on which this suit is brought, is not the bond required by the statute concerning contempts. It is a security taken by the sheriff by color of his office, and is void in the hands of the sheriff or his assignee. (2 R. S. 2d ed. 442, 214; 2 Bl. Com. 340; *Warren* v. *Lynch*, 5 Johns. R. 238; *Strong* v. *Tompkins*, 7 Ib. 76; *Ames* v. *Webbers*, 8 Wend. 545; *Webber* v. *Blunt*, 19 Id. 188; *Bank of Buffalo* v. *Boughton*, 21 Ib. 57; *Winter* v. *Kinney*, 1 Comst. 365.)

VI. The instrument on which the suit is brought requires the defendants to answer for the default of one of them (Boylan). There is no consideration expressed on the face of it, and it is not sealed, so as to raise a presumption of a consideration. It is void by the statute of frauds. (2 R. S. 2d. ed. 70; *McNutt* v. *Johnson*, 7 Johns. R. 18; *Jerome* v. *Whitney*, 7 Ib. 321; *Dodge* v. *Lean*, 13 Ib. 508.)

*Clarkson N. Potter*, for the plaintiff.

I. The pleading was abundantly sufficient. (*Gilbert's Executor* v. *Cameron*, 17 Wend. 59.)

II. The attachment was not irregular, much less void—even assuming that it should have been returnable, as defendant says, to the court. It was returnable before "one of the judges of this court at chambers," which is a proper designation of "the court." No *form* of return is prescribed for the process of this court. (2 R. S. 210, § 11; 2 R. S. 198, § 18.) And it sits as a court at chambers.

III. But if irregular in its return, such irregularity would

not make the process void, but voidable only. The defendant's objection relates to the place, not the time of the return, and the *time* of the return *only* is not amendable. (2 R. S. 424, §§ 1, 3; Code, § 173; *Monell* v. *Waggoner*, 5 Johns. 233; *Williams* v. *Rogers*, 5 Johns. 166; *McConkey* v. *Glen*, 1 Cowen, 141; *Jones* v. *Williams*, 4 Hill, 34; Graham's Pr. 2d ed. vol. 1, 497, 498.) Even if void, it would have been cured by appearance. (*Pixby* v. *Mitchell*, 7 Cowen, 364; *Wright* v. *Jeffrey*, 5 Ib. 15.)

IV. In any event, the irregularity is now immaterial. (*Parke* v. *Heart and McCotter*, 15 Wend. 301.)

V. The writ might have even been made returnable before a judge sitting at chambers, as such, and not as a court. (4 Howard's Pr. Rep. 370; Code, § 302; *Re Smethurst*, 2 Sand. S. C. R. 724.)

VI. The instrument taken by the sheriff was in compliance with the statute. No form is prescribed by law. (2 R. S. 537, § 13.) The word, bond, does not necessarily imply a seal. (2 Ship. 185.)

VII. If not strictly a bond, it was still sufficient, under the statute of frauds, as a security to the sheriff, and being by him assigned (*de facto*) to the plaintiff, is good in his hands. It is an original undertaking, not affected by the statute. (*Slingerland* v. *Morse*, 7 Johns. 463.) If not, the consideration was sufficiently expressed. (*Douglass* v. *Howard*, 24 Wend. 38; *Marquand* v. *Hipper*, 12 Wend. 520; *Union Bank* v. *Coslon*, 3 Comstock, 203.) Besides, the statute of frauds does not apply to securities required by statute, for no consideration is necessary for such. (*Thompson* v. *Blanchard*, 3 Com. 335.)

VIII. And it was not taken *colore officii*. (2 R. S. 286, § 66; *Acker* v. *Burrill*, 21 Wend. 605; S. C. 23 Ib. 606; *Doll* v. *Bull and Porter*, 2 Johns. C. 237.)

IX. If it had been, it would have been void only in the sheriff's hands. In any event, it is good in the plaintiff's hands, he having adopted it. (*Armstrong* v. *Garron*, 6 Cowen, 465; *Weller* v. *King*, 1 Com. 367; *Far. L. & T. Co.*

v. *Walworth*, 1 Coms. 433, 446.) And it will be found that the only cases in which securities have been held void as taken *colore officii*, not complying with the statute, have been actions against the sheriff only.

By THE COURT. DALY, J.—It was not necessary to allege, in the complaint, the issuing and return of an execution unsatisfied, nor that an order had been made for the attachment. The averment of the recovery of the judgment, and that such proceedings were thereupon had, supplementary to execution, that the court issued the attachment under which the instrument sued upon was executed, was sufficient. (See *Gilbert* v. *Cameron*, 17 Wend. 59.)

The attachment was not void, even if it was improperly made returnable " before one of the judges of the court" at chambers. It was voidable only ; for the defect, if it be one, was amendable. Since the statute, 2 R. S. 519, §§ 1 and 3, 3d ed., any process, upon which a defendant has been arrested, may be amended by the court from which it issued, except as to the return day. Even as the law stood before the statute, the alleged defect would not have rendered the process void, but it would have been amendable. (*McConkey* v. *Glenn*, 1 Cowen, 141 ; *Monell* v. *Waggoner*, 5 Johns. 433.) If the attachment had been absolutely void, as if it had been issued without authority, or made returnable upon a Sunday, the plaintiff might avail himself of the objection, in an action upon the instrument; but where the defect in the process is one (conceding that the attachment should have been issued by the court and made returnable before it) which the court can amend, it can never be made the subject matter of a plea, the proper and only remedy being a motion to the court to set it aside. (*Tanker* v. *Heath*, 15 Wend. 301.) The cases to which the defendant refers are all cases in special proceedings, where the officer had no authority to take a bond or other instrument as security, not having acquired jurisdiction of the subject matter, as in *Germond* v. *People*, (1 Hill, 344,) and in the *Matter of Faulkener*, (4 Ib.

598,) which were proceedings under the act authorizing attachments against non-residents, or *Brodhead* v. *McConnell*, (3 Barb. 176,) which was a bond given to prevent a commitment under the non-imprisonment act in a proceeding in which the justice had acquired no jurisdiction. But there is nothing in the pleadings here, nor in the case, to show that Judge Woodruff had no authority to issue an attachment against the debtor. These cases would be in point, if he was exercising a special jurisdiction under a statute, without having, by a due course of proceeding, acquired it. The complaint avers the recovery of a judgment, and such proceedings supplementary to execution under it, that the court *duly* issued the attachment which is set forth. If that was made returnable before one of the judges at chambers instead of before the court, that does not show that the judge, by whose direction it was allowed, had no authority to grant it.

It is not necessary that we should pass upon the question, whether the attachment should be made returnable before the court or before the judge by whom it was granted. It is equally unimportant as respects this defence, whether the attachment is to be regarded and treated as process of the court or merely as a direction given by the judge to the sheriff, in the return of a warrant, commanding him to bring the defendant before him; for if it is process of the court, then, as has been shown, it is simply voidable, and no bar to the action; and if it is not, then it was properly made returnable before one of the judges of the court at chambers, as, in this court, any proceedings commenced before one judge may be continued before another. (Laws of 1840, p. 222.)

In respect to the last point raised in the case, I very much doubt whether the taking, by the sheriff, of an instrument as security for the appearance of the defendant, in the form of a bond, requiring nothing but the attaching of a seal to make it one, is, within the meaning of the statute, (2 R. S. 384, § 66, 3d ed.,) an instrument taken *colore officii*. (*Burrill* v. *Acker*, 21 Wend. 607; 23 Ib. 608; *Webber* v. *Blunt*, 19

Wend. 188; *People* v. *Meighan*, 1 Hill, 298; *Mott* v. *Robbins*, Ib. 21.) The term is always taken in *malam partem.* "Color of office," says Tomlin, "is where an act is evilly done, by the countenance of an office, and is always taken in the worst sense, being grounded upon corruption, to which the office is as a mere shadow or color." But whether, as respects the sheriff, it was within the prohibition of the statute or not, is not material. The plaintiff, for whose benefit it was taken, has ratified and adopted the act of the sheriff. He has become the sheriff's assignee, and the instrument is, at all events, available to him. (*Winter* v. *Kinney*, 1 Comst. 365; *Armstrong* v. *Gowan*, 6 Cowen, 365.) The motion for a new trial should be denied.

Judgment affirmed.