Earle agt. Barnard.

--------◆◆--------

## SUPREME COURT.

WILLIAM P. EARLE, executor, &c. and others agt. CHAUNCEY BARNARD and HARRIET his wife, and others.

An *inchoate* right of dower is incapable of being the subject of *grant;* a wife may, however, *bar* or *release* such right in favor of a grantee of her husband.

Where in an action for the foreclosure of a mortgage in which H. and J. his wife were defendants, the *lis pendens* was filed on *the tenth January,* and the summons served on H. on the same day and on J. his wife on *the eleventh January,* it appeared that H. (who was the owner of the equity of redemption) with J. his wife executed a deed of the premises to one D., dated on the *ninth January,* but not recorded until *the eleventh of same* month,

*Held,* that D. was not *a necessary party to the action,* as the decree of foreclosure cut off the rights of D. as a *purchaser* from H., and no interest passed from the wife of H. in consequence of her joining in the deed to D.

It is the duty of the *clerk* to attach together the papers which constitute the judgment roll.

*New York Special Term, February,* 1862.

MOTION to compel purchaser to complete his purchase of premises situate on Thirty-third street in the city of New York, bought on a foreclosure sale.

The defendant Barnard, who was the owner of the premises, executed a mortgage thereon to the plaintiffs. The property was subsequently conveyed to Wakeman Hull, subject to the mortgage.

A suit to foreclose the mortgage was commenced by the mortgagees, on the 10th day of January, 1861. Barnard and wife, Hull and wife were all made parties defendants in the action. On the 10th day of January, 1861, the *lis pendens*, together with the complaint, were filed in the county clerk's office ; and on the same day the summons, with a notice of the object of the suit, were served on the defendant Wakeman Hull, and on the 11th January the summons and notice of object of suit were served on the wife of Hull. On the 11th day of January there was recorded in the office of the register of the county of New York, a deed of the premises from Hull and wife to Pauline Davidson, bearing date the 9th day of January, and acknowledged on the 10th of January. Pauline Davidson was not a party to the action of foreclosure.

The property was purchased at the sale under the judgment of foreclosure made in the action, by C. G. Havens, who declined to take the property on the ground that Pauline Davidson was a necessary party to the suit, and that her rights have not been foreclosed.

HOOPER C. VAN VORST, *for plaintiffs.*

I. The filing of the notice of *lis pendens* on the 10th day of January, 1861, in the county clerk's office, the summons being served the same day on Wakeman Hull, was a notice to Pauline Davidson, whose deed was subsequently recorded, to the same extent as though she was a party on that day. (*Code,* § 132, *amended* 1858.)

Mrs. Davidson was in every sense a subsequent purchaser ; she had notice at the time of recording her deed, of the proceedings instituted for the foreclosure of the mortgage, to which her grantors were parties, and is bound by all proceedings taken after the filing of the notice, to the same extent as if she were a party.

II. The service of the summons on Wakeman Hull was a

commencement of the action as to him and his wife, as Mrs. Hull had no separate estate in the premises; her interest being only an inchoate right of dower in the equity of redemption.

Pauline Davidson is a purchaser only in respect of the conveyance to her by Wakeman Hull. The fee was in him; Mrs. Hull conveyed nothing; she joined in the conveyance only to release or extinguish her claim of dower arising from her marital relations.

Under section 132 of the Code of Procedure the conveyance from Wakeman Hull to Pauline Davidson, as far as the plaintiffs were concerned, was invalid. It was recorded after the *lis pendens* was filed and summons served on the grantor. It created no interest and gave no right that the plaintiffs were bound to notice. (*Van Santvoord's Equity Prac.*, p. 41; 9 *Dana*, 190.)

III. Pauline Davidson was in no aspect of this case a necessary party to the foreclosure suit, and she is equally bound by the judgment of foreclosure as though she were a party.

The wife of Wakeman Hull had no estate in the premises; she had nothing to convey; her interest was a mere claim. (*Lawrence* agt. *Miller*, 2 *Comst. R.*, 245.)

The only right of Mrs. Hull in the premises was a right to a claim for dower contingent upon her surviving her husband. Such a possibility may be released, but it is not in any sense an interest in real estate. (*Moore* agt. *The Mayor, Aldermen, &c. of N. Y.*, 4 *Seld.*, 113; *Ritchie* agt. *Putnam*, 13 *Wend.*, 524.)

A right of dower before assignment, is a right resting in action only. The widow may release it, but she cannot convey or assign it; she has no estate in the law. (*Green* agt. *Putnam*, 1 *Barb. S. C. R.*, 500; *Tompkins* agt. *Fonda*, 4 *Paige*, 448; 3*d Paige*, 483.) By joining in the deed with her husband, her claim of dower is barred. (*R. S., 5th ed.,* 3*d vol.*, p. 742, § 16; *also* 614, § 68.)

C. A. HAND, *for Havens, the purchaser*.

I. Pauline Davidson was a necessary party defendant; by the omission to make her a party, her equity of redemption is not barred.

The purchaser is entitled to a clear and indisputable title. (1 *Sug. Vendors*, 339.) Especially when the purchaser takes under a judicial sale where there is no warranty.

As the law stood before the amendment of the 132d section of the Code, this foreclosure is defective. (*Roberts ads Jackson*, 1 *Wend.*, 478 ; *Stuyvesant agt. Hall*, 2 *Barb. C. R.*, 151.) This amendment has received a construction in opposition to the claims of the plaintiffs. (*Farmers' Loan & Trust Co.* agt. *Dickson*, 17 *How. Pr. R.*, 477 ; 9 *Abb. R.*, 61.) This amendment must be strictly construed, especially when it is claimed, as it is in this case, to have the effect to forfeit an estate by a constructive notice. (2 *Peere Williams*, 483.)

The notice of *lis pendens* did not take effect as to Mrs. Hull until after Mrs. Davidson's deed was recorded.

The fact that Mrs. Hull was the wife of a party already served, makes no difference since the Code ; she must be served like à *feme sole*. (*Code*, § 134, *sub.* 4.)

Mrs. Hull's right of dower has just as valid a basis of redemption as her husband's estate, and must be barred in the same way. (*Mills* agt. *Van Voorhies*, 20 *N. Y. R.*, 412.)

II. The foreclosure papers on file are detached parcels. There is no judgment roll ; this is requisite. (*Code*, § 281 ; 2 *Abb.*, 393.)

BARNARD, Justice. This is a motion to compel a purchaser on a sale under a judgment of foreclosure and sale, rendered by this court, to complete his purchase.

The complaint and notice of *lis pendens* were filed January 10, 1861. On the 9th of January, 1861, Wakeman

Hull, the owner of the equity of redemption, made and executed to one Mrs. Davidson, a deed of the mortgaged premises, in which deed the wife of Mr. Hull joined.

Wakeman Hull (who was a party defendant) was served with process on January 10th, 1861. The deed to Mrs. Davidson was recorded January 11, 1861. Mrs. Hull was made a party defendant and served with process on January 11, 1861. Mrs. Davidson was not made a party defendant to the suit. The purchaser objects to the title on the ground that Mrs. Davidson was not made a party to the suit.

It is very clear that so far as Mrs. Davidson claims any interest as grantee of Mr. Hull, she is cut off from all interest in the premises in consequence of her deed not being recorded until after the filing of the complaint and notice of *lis pendens*, and service of process on Mr. Hull.

But it is urged that Mrs. Davidson has derived some interest from Mrs. Hull, by reason of her joining in the deed, which is not extinguished by the judgment and sale thereunder, inasmuch as process was not served on Mrs. Hull until after the record of the deed to Mrs. Davidson.

Unless, however, Mrs. Hull had some interest in the premises which was the subject of grant by her, she could not pass any to Mrs. Davidson. Now, the only interest Mrs. Hull had was an inchoate right of dower.

It is well settled law that this inchoate right is incapable of being the subject of grant ; and that it cannot be granted or transferred so as to vest in the transferee or grantee a right, in the event of the death of the husband leaving the wife him surviving, to bring, either in his own name or in the name of the widow, an action of ejectment, or proceedings for adjustment, or any proceeding founded on such right of dower.

The effect of this doctrine is, that, if by virtue of any instrument of transfer executed during the husband's life, or by authority given by the widow, after her husband's

death, to her former transferee, proceedings should be in-stituted in the name of the widow, such proceedings would have to be determined upon the same principles as would have obtained if she had not transferred, or attempted to transfer, her right during her husband's life.

Upon these principles the foreclosure judgment would effectually bar a recovery in such proceedings. A wife may, however, bar or release her inchoate right of dower in favor of a grantee of her husband. This is done in this state by joining in the deed to the grantee; the effect of which is simply to bar or preclude the wife from asserting her dower right, and not to pass any interest in the land to be held by the grantee in right of the wife.

Assuming, then, that this inchoate right can only be barred and not be granted, and that the sole effect of the wife joining with her husband in a deed is to bar her from asserting her dower right against the grantee, the purcha-ser cannot be disturbed by Mrs. Davidson; for, 1st, the decree cuts off all her rights as a purchaser from Mr. Hull; 2d, no right or interest in the land, nor any claim to any right or interest in the land, nor any right of action has passed to her in consequence of Mrs. Hull's joining in the deed with her husband.

The case in 20th *N. Y. Reports*, (*p.* 412,) has no appli-cation; for, unless Mrs. Davidson, by virtue of the deed to her, received from Mrs. Hull a grant of Mrs. Hull's inchoate right of dower, she has obtained no interest, claim or right whereby she can, in the right of Mrs. Hull, redeem.

The fact that the papers in this action are not all sewed together, does not constitute a good objection.

They are all on file. It is the duty of the clerk to attach them together; and any party having an interest in having them attached, can take proceedings to have it done. I cannot say that it is more incumbent on the plaintiff than on the purchaser to have this done. It would be proper,

however, for the plaintiffs in all cases to see that the papers are sewed together when they enter final judgment.

The purchaser must complete his purchase, and is charge-able with interest on the whole amount of his purchase money from the day on which, by the terms of sale, he should have completed.

Motion granted, with $10 costs.