## GEORGE W. MILLER *vs.* JOHN P. WHITE and others.

When issues are formed, by the pleadings, testimony pertinent to such issues is admissible. Hence, if the plaintiff, in addition to the matters set forth in the complaint, testifies, upon a commission, as to matters not embraced in the complaint, but distinctly raised and presented as a defense by the answer, it cannot be held as error to admit the testimony.

If, in an action against the trustees of a corporation, to recover a debt owing by the corporation, because of a neglect to file a report as required by law, the defendants answer that their trusteeship ceased at a certain time, it is competent for the plaintiff to show that his claim accrued prior to that time.

And if it be objected that the complaint does not allege that fact, it is sufficient to say that the answer first raised that question ; and if it be a material allegation in the complaint, and was omitted therein, and not taken advantage of by demurrer, the court has ample powers to permit an amendment, before or after judgment.

Defendants objected, on the trial, to the introduction of a judgment roll in evidence, upon the ground that the same was imperfect, having no summons or minutes of trial annexed. The answers, which were a part of the judgment roll, showed that the defendants had been brought into court. *Held* that if the clerk of the court omitted to annex the summons to the judgment roll, as it was his duty to do, the omission would not deprive the prevailing party of his rights. And that with respect to the minutes of trial, inasmuch as the judgment roll showed a trial before the judge, without a jury, his findings in favor of the plaintiff, and directions for judgment, it appeared to meet the requirements of the Code, (§ 281 ;) except in respect to the summons.

And that as to its sufficiency, or the effect of any irregularity, the judgment roll was not a nullity.

In an action against trustees of a corporation, seeking to charge them personally with a debt of the corporation, because of the omission to make and file the annual report required by law, the plaintiff offered testimony establishing a thorough search in the proper county clerk's office, for such report, and an examination of records and indices in the usual and accustomed place for keeping such papers, and for the making of entries of the filing thereof, and that no such paper, or the filing thereof, appeared, or could be ascertained upon such search, which was twice made. The defendants offered testimony going to show the preparation of a report, and that the same was handed to one of the officers of the company for filing ; and one witness thought he saw it published in a newspaper. *Held* that the defendants' evidence did not meet the fact which the plaintiff's testimony tended to establish ; and was not sufficient proof to go to a jury as to whether the report was in fact filed and published as required by the statute.

The settled principle is, that a creditor having once established his claim against a corporation, by judgment, shall not be compelled, in seeking a

remedy against stockholders or trustees, to re-establish the fact of original indebtedness.

The judgment he obtains against a corporation may be impeached for fraud or collusion, but not otherwise. And both stockholder and trustee may relinquish their positions and escape liability for future obligations; but they cannot thereby change the course of proceedings, or the rules of evidence, or their liability, as to obligations previously incurred by the corporation.

Where the omission of a corporation to make the report required by law, and the trusteeship of the defendants, were concurrent in point of time, and the plaintiff's claim, for which he had previously recovered judgment against the corporation, accrued while the defendants were trustees; *Held* that the plaintiff was entitled to recover of the defendants the amount of such former judgment.

THIS action was brought by the plaintiff, a judgment creditor of the Gutta Percha Manufacturing Company, against the defendants, as trustees of said company, for the purpose of charging them personally, for the debt, because of the omission of the company to file an annual report as required by statute.

The complaint alleged that the Gutta Percha Manufacturing Company is, and during the years 1864, 1865 and 1866 was, a corporation, created by, and under the laws of the State of New York, and was organized March 2, 1859, pursuant to the act of February 17, 1848, "to authorize the formation of corporations for manufacturing, mining, mechanical and chemical purposes." (*Laws of* 1848, *ch.* 40.) That on the 1st day of January, 1865, the said company was indebted unto the plaintiff. That in January, 1865, an action to recover said indebtedness was commenced in the Supreme Court, by the plaintiff, against said company. That a summons was duly served upon the president of said company. That the company duly appeared and answered, in the cause, and such proceedings were thereupon had that, on the 27th day of June, 1866, a judgment was duly rendered and entered in said action, in favor of the plaintiff, and against the said company, for the sum of $24,734.62. That execution thereon was issued to the sheriff of the city and county of New

York, and returned wholly unsatisfied. That said judgment was wholly unpaid, and was in full force and owing by said company to the plaintiff, with interest. That the defendants Moores M. White, John P. White and Warren Lazelle were duly elected trustees of said corporation, in 1861, and with the exception of John P. White, had since continued to be and to serve as such, and still were, trustees thereof, and that John P. White continued as such trustee until ——— 1865. That the county of New York was the county in which said corporation was located, and in which its principal office had been, and in which its business had been carried on. That neither the said corporation, nor its trustees, nor did any of them, within twenty days from the 1st day of January, 1865, make, file or publish a report, as required by law, verified by the oath of the president and secretary thereof, and file the same, nor within twenty days from the 1st day of January, 1867; nor had they, or any of them, ever at any time, during the years 1865, 1866, 1867 or 1868, made or filed any such report as is required by law to be made, filed and published, within twenty days after the 1st day of January in each year. Wherefore the plaintiff demanded judgment against the defendants, jointly and severally, for said sum of $24,734.62, with interest from the 27th of June, 1866, and costs.

The defendants, by their answer, admitted the formation of the Gutta Percha Manufacturing Company, as alleged in the complaint, but denied all the other allegations of the complaint. They denied that at the time of the recovery of the plaintiff's judgment against said company, the company was indebted to the plaintiff, and alleged that said judgment was recovered fraudulently and collusively; that the judgment was founded upon an illegal contract, &c.; and that on the 21st of April, 1865, the said company was duly dissolved, and ceased to exist, and became and still was, without any corporation or officers, and

nad performed no corporate acts. And the defendants denied that since the 16th day of February, 1865, they had been trustees of the said corporation. The defendant John P. White, for a separate answer, alleged that on the 16th day of February, 1865, he duly resigned the office of trustee of the company.

The defendant M. M. White, for a separate answer, alleged that he never acted as trustee of the company after the 16th of February, 1865, and that he never accepted any appointment or election as trustee after that time; that this action was commenced March 4, 1868, more than three years after the cause of action accrued.

The defendant Lazelle, also denied that he had been a trustee of the corporation since April 21, 1865.

On the trial, at the Kings circuit, in June, 1870, after the counsel for the plaintiff had opened the case to the jury, and before any evidence had been offered by the plaintiff, the counsel for the defendants moved the court to dismiss the complaint on the following grounds: " That said complaint does not state facts sufficient to constitute a cause of action. 1st. It does not set forth any original cause of action against the Gutta Percha Manufacturing Company. It does not state the amount of that claim, the time when it was contracted, or what it was for. 2d. It does not show any cause of action against the Gutta Percha Manufacturing Company."

The court denied the motion, and the defendants excepted.

The counsel for the defendants, in behalf of the defendant John P. White, moved to dismiss the complaint as to him, upon the grounds above stated, and also upon the additional ground that there was no allegation in the complaint that he was a trustee of the Gutta Percha Manufacturing Company after the 1st day of January, 1865; and that it did not allege any indedbtedness to ex-

ist prior to that date. The court denied the motion, and the counsel excepted.

The plaintiff then offered in evidence the judgment roll in the case of George W. Miller against the Gutta Percha Manufacturing Company, filed June 27, 1866, for $24,764.62. The counsel for the defendants objected to the admission of the judgment roll in evidence, on the grounds: "1st. That it is a judgment against another party than the defendants in this action, and it is not admissible against these defendants for any purpose whatever. 2d. That it appears by the roll itself, not to be such a judgment roll as is required by the Code; there being no summons or process annexed to, or forming part of the judgment roll. 3d. There is not any copy of the minutes of the trial, from the clerk of the court, showing when the trial took place, or the circumstances attending the trial. 4th. That the judgment roll itself does not show the indebtedness; what it was for; or what the findings of the court were, on trying the case. 5th. That there is no law requiring a judgment against the trustees."

The court overruled the objections, and admitted the judgment roll in evidence, and the defendants' counsel excepted.

At the close of the testimony, the court directed the jury to find a verdict for the plaintiff, for $31,372, being the amount of the judgment in favor of the plaintiff against the Gutta Percha Manufacturing Company, and interest thereon, exclusive of the costs in that action embraced in that judgment.

The jury found a verdict accordingly; and from the judgment entered thereon, the defendants appealed

*H. Sheldon,* for the appellants.

*L. A. Fuller,* for the respondent.

*By the Court*, TAPPEN, J. The plaintiff recovered a judgment against the Gutta Percha Manufacturing Company, for the sum of $24,734.62, June 27, 1866, and the same being unpaid after execution issued and returned wholly unsatisfied, the plaintiff brings this action against the defendants alleging that they were trustees of the company, and that the company neglected to file an annual report as required by the general act of February 17, 1848, and the acts amendatory thereof; and that therefore and by force of the statute, (§ 12,) the trustees became personally liable for the debts of the company then existing, and for all debts contracted prior to the making of such report.

It has been held that only those who are trustees when the debts are contracted, come within these terms. (*Shaler & Hall Quarry Co.* v. *Bliss*, 27 *N. Y.* 297.) And in determining that case it was held that three circumstances must concur in point of time to render a trustee liable. 1st. The evidence of the debt. 2d. The evidence of the default in making the report. 3d. And the trusteeship.

In the case at bar, the amount of debt is established by the judgment in favor of the plaintiff against the company, and the non-payment thereof is also proven. This branch of the case, and the sufficiency of the complaint, are fully discussed in the opinion delivered in this case at general term, and reported in 8 *Abbott, N. S.,* 46. The action was brought to trial at the Kings circuit, in June, 1870, and upon the evidence offered and admitted, the court directed a verdict in favor of the plaintiff. The testimony of the plaintiff, taken by commission in March, 1869, was offered and read in evidence. That testimony refers to the judgment, and states the facts out of which the indebtedness arose. The defendants' counsel objected to the admission of this evidence, upon various grounds, which are stated in the case. The chief objection appears to have been that these facts were not stated

in the complaint. The defendants had put in a very full answer, setting up several defenses, and the plaintiff had put in a reply. Certain issues were thus formed, and testimony pertinent to these issues was certainly admissible. In other words, if the plaintiff, in addition to the matters set forth in the complaint, was allowed to testify, upon commission, as to matters not embraced in the complaint, but distinctly raised and presented as a defense by the answer, it cannot be held as error to admit the testimony. The defendants had answered that the trusteeship ceased at a certain time; it was competent for the plaintiff to show that his claim had accrued prior to that time. And if it be said that the complaint did not allege the fact, it is sufficient to say that the answer first raised that question, and if it were a material allegation in the complaint and omitted therein, and not taken advantage of by demurrer, the court has ample power to permit an amendment before or after judgment. As to the practice on this point, see *Lounsbury* v. *Purdy*, (18 *N. Y.* 515.) The defendant objected to the introduction of the judgment roll, upon the ground that the same was imperfect, having no summons or minutes of trial annexed. The complaint and answer, a part of the judgment roll, and the decision of the judge before whom the action was tried, was included therein. The office of a summons is to bring parties into court. The judgment was not obtained by default for want of an answer. A very full answer was put in. The answer shows that the defendants had been brought into court. They did not appear, however, at the trial, and an inquest was taken against them. And if the clerk of the court did not annex the summons to the judgment roll, as is his duty, the omission will not deprive a prevailing party of his rights. (*Renouil* v. *Harris*, 2 *Sandf.* 641. *Earle* v. *Barnard*, 22 *How.* 437. *Hoffnung* v. *Grove*, 18 *Abb.* 14.)

With respect to the minutes of trial, the judgment roll

shows a trial before a judge, (a jury being waived ;) his findings in favor of the plaintiff; and directions for judgment. The judgment roll, with the exception of the summons, appears to meet the requirements of the Code, section 281. And as to its sufficiency, or the effect of any irregularity, the judgment roll *is not a nullity.* (2 *Sandf.* 641. 4 *Denio,* 243. 1 *Duer,* 686.)

With respect to the actual filing of a report, the plaintiff offered testimony establishing a thorough search in the proper county clerk's office for the report required to be filed, and an examination of records and indices in the usual and accustomed place for keeping such papers, and for the making of entries of the filing thereof, and that no such papers, or the filing thereof, appeared or could be ascertained upon such search, which was twice made.

The defendants offered testimony going to show the preparation of a report, and that the same was handed to one of the officers of the company for filing; and one witness thinks he saw it published in a newspaper. The evidence does not meet the fact which the plaintiff's testimony tended to establish, and it is not sufficient proof to go to a jury as to whether the report was in fact filed and published as required by the statute; and no other proof was offered by the defendants to establish that fact.

It becomes important to determine the period of time when the defendants ceased to be trustees. There is no, dispute but that they were, and continued to be, trustees during the twenty days subsequent to January 1, 1865, within which time the report was required to be made, published and filed, or in default thereof their liability attached.

The action brought by the plaintiff against the company, was commenced January, 1865, and the judgment recovered thereon June 27, 1866. In the present action the defendants set up in their answer that the company was duly dissolved, and ceased to exist on the 21st of April,

1865. The defendant J. P. White avers that he resigned the office of trustee on the 16th of February, 1865. The defendant M. M. White avers that he never acted as trustee after the same date; that he never accepted any appointment or election as trustee after that time; and that he was never so elected "after said 16th of February, or at any time after the 10th of March, 1865." The defendant Lazell avers that the company was dissolved on the 21st of April, 1865, and that it performed no corporate act after that period; and he denies that he has been a trustee since that date.

As to the defendant Moores M. White, it appears by his examination that he became a trustee at the organization of the company, (in 1863,) and continued such trustee as long as the company existed. There is no proof of the dissolution of the company; and on the trial it was stated by the defendants' counsel that they did not claim the company was dissolved legally, but merely that it ceased to do business. M. M. White also testified that he supposed the company's existence terminated in the early part of 1865. He also states that he was elected a trustee for one year from March, 1864, and that he never resigned. If he did not resign, and if no successor was elected to take his place, he continued to fill the office; or, in other words, to hold over; and it is claimed, on his behalf, that he ceased to be a trustee before the judgment was recovered against the company, and therefore that it could not be used as evidence against him. The same claim is now made on behalf of the defendant John P. White. This objection was not made as to either of them at the trial, when the judgment roll was introduced, and is not properly before the general term; but having been discussed there, a brief review of it will be proper here.

In *Moss* v. *Oakley*, (2 *Hill*, 265,) the defendant was a stockholder when the debt was contracted; the declaration did not aver that he so continued until the judgment

Miller *v.* White.

was recovered. On demurrer, the declaration was sustained, and the judgment held binding on the stockholder. In *Moss* v. *McCullough*, last reported in 7 *Barb.* 279, the litigation was of several years duration, and was twice before the court of last resort, and although the defendant was not a stockholder when the judgment was recovered against the company, it was held to bind him. And Judge Willard says, at page 293: "It matters not that the defendant had ceased to be a stockholder; the judgment was proper evidence," &c. The settled principle is, that a creditor having once established his claim against a corporation, by judgment, shall not be compelled, in seeking a remedy against stockholders or trustees, to establish the fact of original indebtedness. The judgment he obtains against a corporation, may be impeached for fraud or collusion, but not otherwise. And both stockholder and trustee may relinquish their positions, and escape liability for future obligations, but they cannot thereby change the course of proceedings, or the rules of evidence, or their liability as to obligations theretofore incurred by the corporation. A trustee is not only a stockholder, but he is an officer of the company, with peculiar means of controlling its affairs, and the reasons why he should be bound by the rules of evidence applicable to stockholders, do not require to be expressed here. They will be found very fully stated by Justice Woodruff in *Squires* v. *Brown*, (22 *How.* 35.)

It is not disputed that the omission (if any) to make the report, and the trusteeship of the defendants, were concurrent in point of time. It remains to be seen whether the plaintiff's claim for which he recovered judgment against the corporation, accrued during the trusteeship of the defendants. It will appear from the foregoing statement, that the defendant M. M. White at no time ceased to be a trustee, save by inaction. The question is not raised as to the defendant Lazell. The defendant J. P. White, on testifying, states that he resigned as trustee on the 16th

February, 1865, and both he and the defendant M. M. White insist that the claim accrued after that period. The evidence of the plaintiff shows that the debt accrued prior to 14th of February, 1865. His services commenced September, 1862; a contract in writing was made August 1, 1863; and he says that he continued in the employ of the company after 14th of February, 1865; that he received money from them after that date, and gave them credit for $2772.50, an amount large enough to balance the services, and more.

On the part of the defendants, various questions were put to the witnesses examined on their part, as to whether the company owed the plaintiff anything, but the court properly overruled these questions, upon the ground that the answers would impeach the judgment, and that the judgment could not be so impeached. The questions were put in a variety of forms, but all to the same effect, and the court said: "You may show what, if any, of these services were rendered subsequent to February 16, 1865." Two exhibits were then offered in evidence by the defendants; the one being an account dated April 15, 1865, rendered to the company by the defendants, and the other a letter written by the plaintiff, dated May 22, 1865. These were received in evidence. This letter is a reply to, and contains extracts from, letters received by the plaintiff from the company's officers, and speaks of a shipment of 500 ponchos on the 30th of March, to make up a deficiency in former shipments of ponchos. The letter also speaks of commissions due him when the last voucher from the government was obtained, on the 16th of April, 1865; but none of this evidence meets the case on the part of the plaintiff, or tends to establish as a fact that the liability or debt of the company accrued after the defendant John P. White ceased to be a trustee. None of the books of the company were produced upon the trial, the defendants testifying that they could not find them; that the books

Miller *v.* White.

had passed into other hands; and that the company had sold out to a new company in the spring of 1865.

At the conclusion of the trial, the defendants claimed to go to the jury on the question of fact as to the filing of the report. The court refused this, and stated there was no question for the jury in the case.

An examination of the whole case, shows that there was no impeachment of the judgment, as to the amount due, nor any proper evidence offered to that end. Nor did the evidence, as a whole, raise any question of fact which could have been properly decided in favor of the defendants, either as to the making of a report, or as to the "time" when the plaintiff's claim accrued. The defendant's fifth request to charge went to all the defendants, and was clearly improper; no attempt was made to separate one of the defendants from the other in that request. The sixth request assumes a fact which was not established, and so with the subsequent requests; and the attention of the court was not called to any question arising on the evidence, as to the amount of indebtedness at the time of the alleged resignation of the defendant John P. White.

On the argument at general term, the defendants' counsel claimed that no debt existed in favor of the plaintiff, upon the written contract with the company, while John P. White was trustee. The concluding clause of the contract says "that when all bills certified shall have been received by them, they will pay a portion of them equal to ten per cent," &c. The claim of the plaintiff appears to have been for services commencing in September, 1862, and for other services commencing upon and under the contract, which is dated August 1, 1863, so that the services covered a considerable period of time. There was no claim that the company had not the benefit of the contract, and there were large sales of goods by the plaintiff for the account of the company, to the government, while the defendants were trustees. That provision of the contract

simply points out how and when the plaintiff should be paid; it does nothing else. If the defendants were trustees when the goods were sold, and the services rendered, then they were trustees when the plaintiff's claim accrued. But no question presenting the case in this manner was mooted at the trial, and in that respect there is no ruling to be examined or corrected. As previously stated, the plaintiff, in his testimony, shows that he continued in the company's service after February 15, 1865, and received money thereafter, and had fully credited the company for all services after that period; and no books or accounts of the company were produced, and no competent proof offered to refute this.

The rulings of the court appear to have been proper on the whole case as presented, particularly as to the two defendants M. M. White and Lazell. Nor was there any error as to the defendant John P. White; and the judgment should be affirmed, with costs.

[SECOND DEPARTMENT, GENERAL TERM, at Brooklyn, January 10, 1871. *J. F. Barnard*, P. J., and *Gilbert* and *Tappen*, Justices.]