NEW-YORK,<br>
May, 1828.<br>
~~~~~<br>
Bank of Or-<br>
ange<br>
v.<br>
Brown.
</div>

*L. Beardsley,* for defendants.

*Palmer & Goodrich,* for plaintiff.

---

### BANK OF ORANGE *vs.* BROWN.

### BUTTERWORTH *vs.* SAME.

MOTION to set aside proceedings for irregularity. Verdicts were obtained in each of the above causes against the defendant, at the last April circuit in Orange. On *Monday,* the *first* day of the present term, the plaintiffs in the first enterm have intervened. None but the defendant can avail himself of the irregularity.

<div align="right">
Though a pos-<br>
tea may be fil-<br>
ed on the first<br>
day of term,<br>
judgment can-<br>
not regularly<br>
be signed until<br>
four days in
</div>

NEW-YORK, May, 1828.

Sperry
*ads.*
Willard.

titled cause, filed their postea, &c. entered rule for judgment, *absolute,* taxed costs, and signed and filed judgment roll.   The plaintiff in the second cause filed the postea, &c. in that cause on the same day, entered rule for judgment *nisi,* &c. and on *Friday,* had his costs taxed, judgment signed and roll filed, and now applies to the court to set aside the rule for judgment in the first cause as irregularly entered, alleging that the plaintiff had unduly obtained a priority.

*Ross* and *Knevels,* for motion.

*Van Duzer,* contra.

*By the Court,* SUTHERLAND, J.   The rule for judgment absolute, was irregularly entered in the cause of the Bank of Orange against the defendant on the first day of the term. The postea, &c. may be filed on the first day of term, and the rule for judgment entered *nisi,* but the judgment cannot regularly be signed until four days in term have intervened. If a contrary practice has prevailed, it is wrong.   The motion, however, to set aside the proceedings will not be granted, because the party applying is not entitled to be heard.   This is an irregularity of which no one but the defendant has a right to avail himself.   A defendant may give preferences, and by permitting a plaintiff to enter his judgment irregularly, he may as effectually give him a priority, as though he had signed a cognovit; besides, he may have released all errors and irregularities.   The motion is denied with costs.