MARVIN and others *vs.* HERRICK.

HOUGHTALING *vs.* SAME.

An *execution* cannot issue until after the record of judgment is filed.

PRIORITY of executions. A record of judgment was filed in the first above entitled cause on 9th July, at *nine* o'clock, A. M., and in the second above entitled cause on the same day at 50 minutes after *two* o'clock, P. M. A *fi. fa.* was delivered to the sheriff of Rensselaer in the second above entitled cause at half past *nine,* A. M., on the same day, and in the first entitled cause a similar writ was delivered to a deputy of the sheriff at *eleven,* A. M. The *sheriff* sold the household furniture of the defendant on the execution in *his*

ALBANY,
Nov. 1830.

The People
v.
Yates General
Sessions.

hands, which brought the sum of $160. A motion was now made that the sheriff pay over the proceeds of the sale to the plaintiffs in the first above entitled cause.

*Dutcher & Harris*, for the motion.

*S. Cheever*, contra.

*By the Court*, SAVAGE, Ch. J. By the provisions of the revised statutes no judgment is valid so as to authorize any proceedings thereon until the record thereof is filed. 2 *R. S.* 360, § 11. It is objected that the issuing of the execution before the filing of the record is a mere irregularity, and that no one but the defendant in the execution can avail himself thereof; 8 *Johns. R.* 365; 1 *Wendell*, 31; but the issuing of the execution in the second above entitled cause previous to the filing of the record, was not a mere irregularity; the execution itself was void, or a mere nullity, until the record was filed. Allowing it to become operative when the record was filed, the execution in the other cause had obtained the preference, it being delivered to the officer at *eleven* A. M. and the other not becoming operative until near *three*, P. M. The motion is granted.