Clute *v.* Clute.

## CLUTE & CLUTE *vs.* CLUTE.

The court will not inquire into the fractions of a day in order to determine whether a judgment record upon bond and warrant of attorney was filed before the execution was issued, where the setting aside of the execution would let in a general assignment which the defendant intended to be subject to the execution, and where the delay in filing the record was attributable to accident.

JUDGMENT for the plaintiffs by virtue of a bond and warrant of attorney, with a consent that execution might issue immediately, was perfected on the 16th of May last. The bond and warrant were executed, and the papers for the purpose of entering the judgment were prepared and the record was signed on the 15th of May. The papers were sent from Schenectady to the clerk's office in Albany by the nine o'clock morning train of cars on the 16th; and should, in the usual course of things, have been received at the clerk's office by or before noon. But for some reason the judgment was not docketed until three o'clock P. M. At two o'clock P. M. of that day the plaintiff's attorney, supposing the judgment had been perfected, issued a *fi. fa.* to the sheriff of Schenectady county, who went to the defendant's store about ten minutes after receiving the execution; but made no levy at that time. At eight o'clock in the evening the sheriff returned, made a levy, and closed the store. About two hours afterwards the defendant executed a general assignment of his property for the benefit of creditors. There was a great number of affidavits in relation to the time of making the levy.

*F. S. Edwards & M. T. Reynolds*, on behalf of the defendant and the assignees, moved to set aside the execution for irregularity—the same having been issued before the judgment was perfected. They cited 2 *R. S.* 360, § 11; *Marvin* v. *Herrick*, (5 *Wend.* 109;) *Butler* v. *Lewis. C. P.* (10 *id.* 541.)

*S. H. Johnson & S. Stevens*, for the plaintiffs, cited *Walters* v. *Sykes*, (22 *Wend.* 566;) *Small* v. *McChesney*, (3 *Cowen*, 19.)

*By the Court*, BRONSON, Ch. J.   On looking into the papers I am satisfied that at the time the judgment was confessed, and for several days afterwards, the defendant intended to give the plaintiffs a preference over his other creditors.   His mind has changed since that time.   If the execution stands, the intention of the parties will be carried into effect: if set aside, their intention will be defeated.   Although in consequence of some accident the execution was issued too soon by an hour, it was not levied nor was any thing done under it until several hours after the judgment had been perfected.   As a general rule the court does not inquire into the fractions of a day, except for the purpose of guarding against injustice; and that rule has been applied in a case like this.   (*Small* v. *McChesney*, 3 *Cowen*, 19.) No injustice will be done by allowing the execution to stand.

Motion denied.