## NICHOLS *vs.* KRIBS et al.

**ERROR TO CIRCUIT COURT, JUNEAU COUNTY.**

Heard August 20, 1859.]                    [Decided December 14, 1859.

### *Cognovit—Judgment—Assignment.*

A confession for a judgment which states that the defendant purchased of the plaintiff in the month of March, 1857, a large quantity of goods and wares, at New York, to the amount and value of $1,916, at six months' credit from the 21st of March, and received the goods, &c., and there is now due said plaintiff the sum $1,090, &c., does not sufficiently state the facts upon which the indebtedness arose, to authorise the judgment to be rendered; and such a judgment will not protect the sheriff in making a levy upon the property of the defendant in the hands of his assignee.

An assignee for the benefit of creditors, may attack the validity of a judgment entered upon the confession of his assignor.

Nichols vs. Kribs et al.

This was an action commenced by the defendants in error, Frederick H. Kribs and Ephraim Myers, against George R. Nichols, the plaintiff, for the recovery of personal property, claiming title in themselves as the assignees of Moses K. & David Kribs, and averring detention, &c., by Nichols.

To the complaint Nichols answered, 1, general denial; 2, he alleged that the personal property at the time of commencement of said action was the property of Moses K. and David Kribs, and that defendants had no special claim or title therein; that about the 23d day of October, 1857, James Freeland, Robert Squires, Charles H. Bowen, Patrick H. Baker and William H. Freeland, duly recovered judgment in the circuit court of Juneau county against Kribs and Kribs, for $1,103 34, and it was duly docketed in the office of the clerk of said court at said time; that the judgment remaining unsatisfied, unpaid and undischarged of record, Freeland, Squires, Bowen, Baker, and Freeland, caused execution to be issued upon the judgment directed to the plaintiff in error, who then was sheriff of the county of Juneau, for execution; that by virtue thereof he duly levied upon and took into his possession as such sheriff, the personal property in the complaint stated, and held the same until they were taken from him in this action against him, by the coroner of Juneau county; that at the time of the taking, the property was the property of Kribs and Kribs, and liable to be taken on the execution.

On the trial of the case the plaintiffs below proved their title to the property; and the defendant offered to read a judgment record in the case named in his answer, as follows:

Title—" Statement and confession of judgment without action: We, residents of Juneau county, in the state of Wisconsin, do hereby confess judgment in this cause in favor of the above named plaintiffs for the sum of one thousand and ninety dollars and thirty-four cents, and authorize judgment to be entered therefor against us.

" This confession of judgment is for a debt justly owing and due to the plaintiffs, arising upon the following facts: The defendants purchased of said plaintiffs in the month of March, 1857, a large quantity of goods and wares at New York, to the amount and value of $1,915 72, at six months' credit from the 21st day of March, and have received said goods, and have paid of said sum the sum of $837; that there is now due said plaintiffs the sum of $1,090 34 aforesaid; that

said defendants jointly as partners, purchased said goods of said plaintiffs as the firm of Freeland, Squires, & Co.

"MOSES K. KRIBS,<br>"DAVID KRIBS."

This was sworn to by the two Kribs, and the entry in the judgment book by the clerk was as follows:

" On filing the within statement and confession it is adjudged by the court that the plaintiffs do recover against the defendants the sum of one thousand and ninety dollars and thirty-four cents, with ten dollars costs, and the disbursements, amounting in all to the sum of $1,103 34.

D. McKERCHER, Clerk.

RICHARD SMITH, Plaintiff's Att'y."

"Dated October 23, 1857, at 4½ o'clock P. M. State tax paid, $1. Received and filed this 23d day of October, 1857, at 4½ o'clock P. M.     D. McKIRCHER, Clerk."

This record was objected to and ruled out by the circuit judge. The defendant then offered the docket of the same judgment, and the execution on which he had seized the goods, to show his levy on the goods; but all of these were ruled out. The verdict was then found for the plaintiffs for the value of the property, $1,000, and six cents damages; upon which judgment was rendered. From that judgment this writ of error was brought.

*Smith & Ordway*, for the plaintiff in error.

The defendants in error, as the assignees of *Kribs & Kribs*, could not object that their assignees made an insufficient statement of a confession of judgment. They stand in the place of their assignors, who would have been estopped from raising this question in this form. The object of the code was to protect other judgment creditors from fraud; for their sole benefit the specification was required. Such is the tenor of all the authorities. *Chappel vs. Chappel*, 2 Kern., 257; *Dunham vs. Waterman*, 17 N. Y., 9.

The statement in question fully complies with the provisions of the Code, § 286; that is, it "states concisely the facts out of which the judgment arose;" the debt, its origin, and the necessary particulars thereof. It is full and precise enough to advise other creditors thereof; and shows *prima facie*, a fair and honest transaction, untainted with fraud or covin.

Nichols vs. Kribs et al.

*L. Van Slyck*, for the defendants in error.

The statement is not sufficient in this; it does not state the day of the month when the purchase was made, so that the creditors of Kribs could with any certainty investigate the *bona fides* of the transaction; the exact and true time of the purchase and payment should be set forth. *Gandal vs. Finn*, 13 How. Pr., 418.

The intention of the requirement of sec. 286, was to compel the person confessing the judgment, to disclose what was the real consideration of the judgment confessed, and to show to all interested, the transaction out of which the debt originated. *Dunham vs. Waterman*, 17 N. Y., 9; *Lawless vs. Hackett*, 16 John., 149.

*By the Court*, PAINE, J. The only question in this case is, as to the sufficiency of the statement of facts on which the judgment was entered, under which the defendant below sought to justify. There is considerable difference among the subordinate courts of New York, as to the degree of certainty required in statements of this kind. But the matter has been before the court of appeals, which has adopted the rule of those authorities which have been most strict in requiring certainty in them.

In *Chappel vs. Chappel*, 2 Kern., 215, and in *Dunhan vs. Waterman*, 17 N. Y., 9, the rule laid down in *Lawless vs. Hackett*, 16 John., 149, was held applicable to these statements under the code. And if this is a correct view of the matter, and we think it is, the statement in this case, although coming nearer to what is requisite than those in some of the cases, must be held insufficient.

In *Lawless vs. Hackett* it is said, " the specification ought to be so particular and precise as to apprise all persons interested of the nature and consideration of the debt. A statement as general as the common counts in a declaration, is not sufficient. It ought to be as special and precise at least as a bill of particulars. If, for example, the consideration was for

goods sold, *the specification ought to state the kind, quantity and price of the goods,* "&c.

Now here, with the exception of stating the month when the goods were sold, the statement is as general as the common counts. It says the debt was for "goods and wares," which the defendants had bought of the plaintiffs. It states the amount of the price, but does not state anything as to the kind, quantity or nature of the goods. Fraud deals in generalities, and it does so necessarily, for the moment it attempts to be specific, it renders itself liable to detection. The object of the statute in requiring these statements, was to put on record a statement sufficiently clear and particular as to the facts to enable the fraud, if one exists, to be readily investigated and detected. And we do not think this object can be accomplished, if a statement like this is held sufficient. It may not be necessary to state the facts, as in a bill of particulars, but we think there should be something more certain than the general words "goods and wares," and that there should at least be some designation of the kinds and quantity of the goods, and that the date and place of the transation should be stated with as much accuracy as possible.

There can be no doubt that an assignee for the benefit of creditors was entitled to make the objection to the judgment.

The judgment is affirmed, with costs.

DIXON, C. J., took no part in the decision of this case, having been of counsel for one of the parties.