## THOMPSON vs. HINTGEN.

APPEAL FROM CIRCUIT COURT, LA CROSSE COUNTY.

Heard January 25.]          [Decided May 4, 1860.

### Cognovit—Judgment—Creditor.

A judgment by confession entered upon an insufficient statement of the facts of indebtedness, will be vacated upon the motion of a judgment creditor.

*Nichols vs. Kribs,* 10 Wis., 76, considered and approved.

This was a judgment entered by confession. The statement was as follows : " I do hereby confess judgment in this cause in favor of Jno. S. Thompson for the sum of twenty-three hundred dollars, and authorize judgment to be entered therefor against me, and hereby stipulate and agree to and with the said plaintiff that said judgment shall draw interest at the rate of ten per cent. per annum from the date of the entering up of the same, and that execution issue therefor when due. This confession of judgment is for a debt justly to become due to the plaintiff, arising upon the following facts : Two certain promissory notes executed by me, the said N. Hintgen, to the said plaintiff for the sum of $1,150 each, and each dated September 1st, A. D. 1858. The first of said notes becomes due and payable in one year after the date thereof, and the second note become due and payable in two years after the date thereof, and each of said notes are drawing interest at ten per cent. per annum after the date thereof, which said notes are hereunto annexed. The consideration of said notes was for goods, wares and merchandize purchased by me, the said N. Hintgen, of the said Jno. S. Thompson. And it is expressly understood and agreed by and between the said plaintiff, Jno. S. Thompson, and the said defendant, N

Hintgen, that execution shall not issue upon the judgment hereby confessed until the said notes or either of them shall have matured according to the tenor and effect thereof."

To this was appended a general affidavit that the facts were true. The judgment was entered November 17, 1858. On the 10th of January, 1859, Blydenburgh, Hodges & Cole recovered a judgment against Hintgen, and then moved the court to vacate the judgment entered in favor of Thompson, for the following reasons:

" 1.   The statement in writing upon which said judgment was confessed, docketed and entered, is not signed by the said defendant, N. Hintgen.   2.   The said statement in writing does not comply with the requirements of the second subdivision of section 286 of the Code of Procedure, and is defective and insufficient, in that it does not contain a sufficient statement of the facts out of which the indebtedness for which said judgment was confessed arose, to authorize the docketing or entry of said judgment, or of any judgment.   3. A higher rate of interest than is allowed by law is stipulated to be paid in said confession of judgment."

This motion was overruled by the court, and from that order Blydenburg & Co. appealed.

*Johnson & Cameron,* for the appellants.

1.   A statement upon which to enter a judgment without action, under the code, must be signed by the defendant. Code of Procedure, § 286 ; *George vs. McAvoy,* 6 How. Pr. Rep., 200.

2.   Such statement, if the judgment be for money due or to become due, must state concisely the facts out of which the indebtedness arose, and must show that the sum confessed is justly due or to become due.   Code of Procedure, § 286.

3.   Such statement is not sufficient where it merely sets out the consideration of the indebtedness in language as general as the common counts in a declaration.   If the debt be for goods sold and delivered, the kind, quantity, price of the goods, and the time and place of sale should be stated ; and may be set aside upon the application of a junior judgment creditor, without action. ·*Lawless vs. Hackett,* 16 John., 149; *Hoppock vs. Donaldson,* 12 How., 141; *Grandal vs. Finn,* 13 How., 418 ; *Von Beck vs. Sherman,* 13 How., 472 ; *Chappell vs. Chappell,* 2 Kern., 215 ; *Dunham vs. Waterman,* 6 Abbott, 357; Abbott's Pleadings, 503, 504.

*Finches, Lynde & Miller,* for the respondent.

Vol. XI.                8

*By the Court*, PAINE, J. The order appealed from in this case must be reversed. The only question involved is, as to the sufficiency of the statement, upon which the judgment by confession was entered. In the case of *Nichols vs. Kribs*, 10 Wis., 76, we had occasion to decide upon the character of such statements, and the one in question is clearly insufficient, within the rule there established.

The order of the court below, overruling the motion to set aside the judgment, is reversed, with costs.