REILEY VS. JOHNSTON, Ex'r, etc., and another.

*Judgment by confession upon warrant of attorney : on what grounds proceedings thereunder will be restrained.*

1. As between the parties thereto, a judgment upon a warrant of attorney to secure a contingent liability is not void, nor will it be set aside, nor its collection restrained, because the plaintiff's affidavit annexed to the complaint (sec. 14, chap. 140, R. S.) is defective.

2. Upon complaint of the defendant in such judgment, alleging *upon information and belief* that neither the judgment plaintiff nor any one in his behalf had annexed to this complaint an affidavit stating, or attempting to state, concisely, the facts constituting the defendant's liability, or attempting to show that the sum confessed did not exceed such liability, and also alleging in like manner that not more than $1,000 was in fact due the plaintiff therein, and also alleging that an execution had been issued and levied on personal property of the complainant, a temporary injunction against the sale of the property was granted.   It appearing from the

complaint, however, that the property levied on was worth only $1,200, and a verified answer having been filed denying all the equities of the complaint, it was not error to dissolve the temporary injunction.

APPEAL from the Circuit Court for *Milwaukee* County. This action was brought against *Hugh L. Johnston*, executor of the last will of Alexander H. Johnston, deceased, and surviving partner of the late firm of Alexander H. Johnston & Sons, and against the sheriff of said county. The relief sought is in the alternative, *either* that a certain judgment against the plaintiff, by confession upon warrant of attorney, be vacated, and execution thereon annulled, and a levy thereof discharged; *or*, that an accounting be had to ascertain the amount due defendant from plaintiff, and upon payment or collection of such amount said judgment be discharged, and that in the meantime defendants, etc., be restrained from proceeding upon said execution or judgment; and there was a further prayer for a perpetual injunction, and for general relief. The facts alleged as the ground of such relief are substantially as follows: On the 27th of February, 1862, and for several years previously thereto, said Alexander H. Johnston, and *Hugh L. Johnston*, and one James A. Johnston, were co-partners in trade in the city of Milwaukee, under the firm name above stated. On that day there was an unsettled account between said firm and the plaintiff, growing out of dealings between them for some five years preceding that day. Plaintiff had not kept any regular books of account, nor any full statement or account of the dealings between himself and said firm, trusting to them to keep the account correctly. There has never been any settlement of the account between them; nor did the firm at any time until the summer of 1866, furnish plaintiff with a statement of the account as kept by them; nor did he on the day first mentioned, nor at any time until said summer of 1866, have any knowledge or

notice of what said firm or any of its members claimed was the condition of the account as kept by them. On said 27th of February, 1862, without having any definite idea of the exact amount of his indebtedness to the firm, he supposed the balance in their favor would not exceed $900; and it was understood at that time between him and said firm (particularly said Alexander H.), that their said dealings and account should continue as theretofore, for an indefinite period. On said day, plaintiff made and delivered to said Alexander H. Johnston his note, dated on that day, for $3,000, payable to the order of said Alexander H. one day after its date, and also a warrant of attorney attached thereto, authorizing entry of judgment thereon; but these were so made and delivered *merely as collateral security* for the amount then due, or which might become due, from plaintiff to said firm in their dealings, and with the understanding that judgment should be entered thereon to perfect said security. On the 5th of March, 1862, said Alexander H. accordingly caused a judgment to be entered and docketed on such note by virtue of such warrant, in the county court of said county, for $3,005 damages, and $31 costs. "Said judgment was rendered in favor of said Alexander H. Johnston as plaintiff, and against this plaintiff as defendant, and upon the affidavit of him, the said Alexander H. Johnston, that the sum of $3,005 was due him upon said note;" and it was obtained without service of a summons or any notice whatever upon this plaintiff, and without his consent except as expressed in said warrant of attorney. At the time it was docketed, plaintiff was, and still is, owner in fee of a large amount of real estate in said county, on which said judgment became an apparent lien. James A. Johnston died in 1863, and Alexander H. Johnston in January, 1866; and his will was admitted to probate, and letters testamentary issued to *Hugh L. Johnston* in February, 1866. On the

23d of February, 1867, said *Hugh L.* caused the death of said Alexander H. to be suggested upon the record of the case in which said judgment was rendered, and also filed in said county court an affidavit, entitled in said cause, which states that affiant is sole acting executor of the last will of the plaintiff in said action; that no part of the judgment therein had been paid, but the whole amount, with interest, was due and unpaid; that the indebtedness of *Reiley* to the late firm of Alexander H. Johnston & Sons, to secure which the deceased held said judgment, amounted at the time of his death to $5,000 or upwards, and no part of the same had been paid, but there remained due to affiant, as surviving partner of the firm, upwards of $5,000, for which there is no security except said judgment and said *Reiley's* personal liability.—On the same day the county court, on the application of *Hugh L. Johnston,* without notice to plaintiff, permitted an execution to issue for the full amount of the judgment, with interest; and upon the execution was endorsed, by *Hugh L. Johnston's* attorney, a direction to the sheriff to collect the full amount of $3,036 with interest, etc. The sheriff accordingly levied upon certain of the plaintiff's personal property, of the value of about $1,200, and advertised it for sale on the execution. It is then alleged in the complaint, that it is not true that the sum of $3,036, with interest, was at the time of the death of said Alexander H., or at the time of the making or filing of said affidavit by the defendant herein, due on said judgment; " on the contrary this plaintiff alleges, upon information and belief, that there was not at either of said times justly or equitably due to him from this plaintiff exceeding the sum of $1,000, if any. And said plaintiff further alleges, upon information and belief, that neither the plaintiff in the case in which said judgment was rendered, nor any one in his behalf, made or annexed to the complaint in that case

an affidavit stating concisely the facts constituting the defendant's liability upon said note, or attempting to state such facts, or showing, or attempting to show, that the sum confessed did not exceed such liability."

Upon this complaint, duly verified, plaintiff obtained from a court commissioner an injunctional order as demanded. Afterwards *Hugh L. Johnston* filed a verified answer, which denies, upon information and belief, that on said 27th of February, 1862, there had been no settlement between the firm of Alexander H. Johnston & Sons and the plaintiff, or that the accounts between them were then unsettled, or that plaintiff did not on that day, or until the summer of 1866, know or have notice of what said firm or any of its members claimed was the condition of said account as kept by them, or that plaintiff, on the day aforesaid, had no definite idea of the amount of his indebtedness to said firm, or supposed, or had any reason to suppose, that the balance in favor of said firm would not exceed $900. Affiant further denies that said note and warrant of attorney were executed and delivered to Alexander H. Johnston, and the same, or the judgment entered thereon, held by him, merely as collateral security; but on the contrary he alleges that they were so executed and delivered as evidence of, as well as a security for, the indebtedness due from plaintiff to said firm. The affiant further avers that the indebtedness of plaintiff to said firm, at the time of the death of Alexander H. Johnston, was at least $5,000, and denies all contrary averments of the complaint.

Notice having been given of a motion, based upon the foregoing papers, to dissolve the injunctional order, *Reiley* filed an affidavit, in which he states that *Hugh L. Johnston* was not present when said note and warrant of attorney were made and delivered to Alexander H. Johnston, or at any interview between the latter and affiant, and that all

the negotiations in regard to the giving of said note, etc., were had between affiant and said Alexander H. He also denies that said instruments were given "as an evidence of, as well as a security for," affiant's indebtedness to said firm. He then states that, in 1866, after the death of Alexander H. Johnston, *Hugh L. Johnston* rendered an account of the dealings between affiant and said firm, extending from the 11th of March, 1857, to said death, and that by said account, exclusive of items of interest on the several charges and credits, there appears to have been a balance due said firm, on the 27th of February, 1862, of $1,928.94; and that, including items which should have been but were not credited to affiant, this balance would be reduced to $1,294.94; that the balance appearing to be due upon said account at the time of the last entry, excluding the items of interest as above, is $3,497.28; and including items which should have been but were not credited to affiant, this balance would be reduced to $1,341.84, if the other items of said account were wholly correct.

The court dissolved the injunctional order; and from this decision the plaintiff appealed.

*Palmer & Hooker*, for appellant:

1. The judgment is void because no affidavit was annexed to the complaint stating the facts constituting the liability of the defendant, and that the sum confessed did not exceed such liability. R. S., chap. 140, sec. 14; *Chappel v. Chappel*, 12 N. Y., 215. 2. Admitting the judgment to be valid as a security for the amount due upon the account, if anything is due, we are clearly entitled to an accounting to ascertain that amount. And it seems to us we are as clearly entitled to an order restraining the enforcement of the judgment in the meantime. 3. The fact that plaintiff does not deny the existence of any indebtedness on the account, or admit a specific sum to be due and offer to pay it, cannot

defeat his claim for an accounting and for a temporary injunction. He did not know the facts as to the condition of the account, and could not make either the denial or the admission. If he is held to have admitted an indebtedness of $1,000, by alleging that there was not due more than $1,000, *if any*, still the injunction should not have been dissolved. The execution was for the whole judgment; and the levy was made for the purpose of realizing the whole amount named in the execution. If it was right to allow the use of the execution to collect $1,000, the injunctional order should have been modified, not dissolved.'

*Butler & Winkler,* for respondents.

COLE, J. It is insisted that the judgment mentioned in the pleadings was void, for the reason that no affidavit was made and annexed to the complaint, stating the facts constituting the liability of the judgment debtor, and that the sum confessed did not exceed the amount of such liability. It appears that this judgment was in favor of Alexander H. Johnston, as a security for the amount due and to become due the firm of Alexander H. Johnston & Sons, upon accounts and dealings between that firm and the plaintiff. It is alleged in the complaint, that judgment upon the note and warrant of attorney was rendered on the 5th day of March, 1862, for the aggregate sum of $3,036, "in favor of said Alexander H. Johnston as plaintiff, and against this plaintiff as defendant, and upon an affidavit of him, the said Alexander H. Johnston, that the sum of $3,005 was due to him upon said note." In a subsequent part of the complaint, it is alleged, "upon information and belief, that neither the plaintiff in the case in which said judgment was rendered, nor any one in his behalf, made or annexed to the complaint in that case, an affidavit stating concisely the facts constituting the defendants' liability upon the said

note, or attempting to state such facts, or showing, or attempting to show, that the sum confessed did not exceed such liability." Now, even if we assume that the judgment debtor has the right to set aside a judgment rendered on a warrant of attorney, when the statement of indebtedness made by the plaintiff is imperfect, should he be permitted to do so upon allegations of this nature? It will be observed that it is not positively alleged that the statement is insufficient, although it is obvious the party had the means of knowledge within his reach to have so alleged, if it was the fact. The statement was a matter of record; and if insufficient, the plaintiff in this suit could have positively stated wherein it was imperfect, and not have alleged it upon mere information and belief. Besides, if the statement was defective, this did not render the judgment void as between the parties thereto. "As to third persons whose rights have attached by a judgment, or by purchase of, or a lien on, property affected by the confessed or defective judgment," it might perhaps be set aside for that reason. But the judgment would be good as between the parties though the statement on which it is founded does not specifically state the facts out of which the indebtedness arose. *Miller v. Earle*, 24 N. Y., 110; *Neusbaum v. Keim*, id., 325; *Hopkins v. Nelson*, id., 518. It is not pretended that Alexander H. Johnston was guilty of any fraud or mistake in entering up the judgment; although it is alleged that at the time the same was entered up, the sum of $3,036 was not due him. Precisely how much is due upon the judgment, the plaintiff does not state. In one place in the complaint it is alleged, on information and belief, that there is not equitably due thereon a sum exceeding nine hundred dollars, if anything. In another part of the complaint it is alleged, likewise on information and belief, that the indebtedness due from the plaintiff to the firm of Alexander H. Johnston

& Sons at the time of the death of Alexander H., did not exceed the sum of $1,000. While, in the affidavit filed by the plaintiff on the hearing of the motion to dissolve the injunction, he stated that on a full and correct settlement of the accounts between him and the firm, the amount due the firm would be reduced to the sum of $1,341.84. From this it will be seen that the plaintiff admits that there is nine hundred or a thousand dollars at least due on the judgment which he asks to have set aside. It appears that a levy has been made under an execution issued upon the judgment, upon twelve hundred dollars worth of personal property; and the object of this suit is to restrain by injunction the sale of this property on the execution, to set aside the judgment, and to have an account taken of the true amount due from him to the firm of A. H. Johnston & Sons. The complaint, considered by itself, affords no ground for restraining the sale on the execution. For, as before stated, the plaintiff admits an indebtedness on the judgment of $900 or $1,000, and a levy upon $1,200 worth of personal property is not excessive to raise that amount. The material allegations are made upon information and belief. 19 Wis., 677. But the defendant *Hugh L. Johnston*, as executor of the will of Alexander H. Johnston, and as the surviving partner of the firm of Alexander H. Johnston & Sons, has filed an answer under oath, in which the equities of the complaint are fully denied. He avers that at the time of the death of Alexander H., the indebtedness of the plaintiff to the firm amounted to the sum of $5,000, and now amounts to at least that sum. He also avers that at the time the judgment was rendered, there was justly due thereon the amount for which judgment was entered up. In view of these matters stated in the answer, as well as on account of the admissions of the complaint and the form of the allegations therein, we think the preliminary injunc-

tion was properly dissolved. By the concessions of the plaintiff, $900 or $1,000 are due upon the judgment, and the defendant is entitled to collect that amount at least. A levy upon $1,200 personal property is not an excessive levy to collect that sum.

*By the Court.*—The order of the circuit court dissolving the injunction is affirmed.