PIRIE and others vs. HUGHES and another.

JUDGMENT BY CONFESSION: *(1) When not void, though irregular. (2) Not vacated for irregularity.*

1. Judgment by confession on warrant of attorney is not *void* because the affidavit of plaintiff's agent upon which it is entered, is irregular in omitting to state his means of knowledge.
2. Such a judgment will not be vacated for mere irregularity, especially where the warrant contains a release of errors. And the fact, appearing on motion to vacate, that the affidavit on which judgment was entered was made by one having competent knowledge, is entitled to some weight in determining that the judgment shall stand.

APPEAL from the Circuit Court for *Iowa* County.

The defendants, being indebted to the plaintiffs, executed to them their promissory note for $1,005.27 and ten per cent. interest, dated June 27, 1877, and payable one day after date. The note contained a warrant of attorney in the usual form, authorizing any attorney of a court of record to confess judgment against the payees for the sum unpaid thereon, and to release all errors which might intervene in the proceedings. On the 29th of August, 1877, one Sweet, plaintiffs' agent, caused judgment to be entered on the note pursuant to the

warrant of attorney, for $864.88, with costs. All the proceed
ings which resulted in the entry of such judgment were regu-
lar, except that the affidavit annexed to the complaint, which
was made by plaintiffs' agent, although it stated the amount
due on the note as required by statute (R. S., ch. 140, sec. 14),
failed to state the agent's means of knowledge of that fact.

A few days later, defendants procured an order on plaintiffs
to show cause before the circuit judge at chambers, on a day
therein named, why such judgment should not be vacated.
On the hearing before the judge at chambers, the judgment
roll and certain affidavits were read in support of the motion;
and an affidavit of Mr. Sweet, and several letters of the defend-
ants, were read in opposition thereto. The motion was
granted, and an order made by the judge vacating the judg-
ment.

Plaintiffs thereupon moved the circuit court to vacate the
order thus made at chambers. This motion was heard on the
same papers used on the hearing of the first motion. The
only affidavit going to the merits which was read in support
of the motion to vacate the judgment, was made by *Mr.
Teague*, one of the defendants, and is to the effect that the
note was procured by plaintiffs' agent, Mr. Sweet, by means
of certain misrepresentations; that defendants did not know
they were signing a judgment note when they affixed their
names thereto — that in fact they knew nothing about judg-
ment notes; and that the judgment exceeds the amount of de-
fendants' indebtedness to the plaintiffs when it was entered.
In the affidavit of Mr. Sweet, he denies the misrepresenta-
tions charged, and avers that the defendants were fully in-
formed of the nature of the instrument when they signed it,
and that the judgment was not entered for a greater sum than
was then due and unpaid on the note. He also states therein
that he had the exclusive charge of plaintiffs' business with
the defendants, and had personal knowledge of the state of
the accounts between them.

The circuit court denied the motion to set aside the cham-· ber order vacating the judgment; and from this order of the court, plaintiffs appealed.

For the appellants, a brief was filed by *M. J. Briggs*, and · the cause was argued orally by *J. C. Gregory*. They contended, 1. That the circuit judge at chambers had no authority to vacate the judgment (which was signed by a court commissioner). Tay. Stats., 318, 319, 1652; *Blaikie v. Griswold*, 10 Wis., 301; *Reid v. Case*, 14 id., 431; 31 id., 698. 2. That such a judgment should not be set aside except upon proof that the party moving will be subjected by it to some wrong or injustice (*Dillie v. Van Wie*, 6 Wis., 209; *Jones v. Keyes*, 16 id., 596), and that in this case no such proof was made. 3. That as the motion to vacate was based on the merits of defendants' case, an affidavit of merits or verified answer should have been served with the motion. *Mowry v. Hill*, 11 Wis., 149; *Butler v. Mitchell*, 15 id., 360; *S. C.*, 17 id., 52; 40 id., 314, 389.·

For the respondents, a brief was filed by *Lanyon & Spensley*, *Alex. Wilson* and *John T. Jones*, and the cause was argued orally by *Mr. Spensley*. They contended, among other· things, 1. That the circuit judge had power at chambers to vacate the judgment. R. S., ch. 140, sec. 29; *State ex rel. Pfeiffer v. Taylor*, 19 Wis., 566; *In re Gill*, 20 id., 686, and cases cited on p. 694. 2. That the affidavit of plaintiffs' agent on which judgment was entered, was fatally defective, in failing to state his means of knowledge as to the amount due. R. S., ch. 140, secs. 12–15, and ch. 125, sec. 19; *McCabe v. Sumner*, 40 Wis., 387. The irregularity in entering the judgment is so apparent that it can be inquired into at any time. *Remington v. Cummings*, 5 Wis., 138; *Ætna Ins. Co.·* *v. McCormick*, 20 id., 265; *Weatherbee v. Weatherbee*, id., 499; *Wadsworth v. Willard*, 22 id., 238; *Klaise v. The State*, 27 id., 463. 3. That there was enough in *Mr. Teague's* affidavit to show that the judgment was, *prima facie*, inequitable and

fraudulent; and that this question, like all matters pertaining to fraud, should be enquired into by a jury. 4. That an answer or affidavit of merits is not required where the judgment was entered irregularly.

LYON, J. The affidavit of the plaintiffs' agent, annexed to the complaint in the proceedings which resulted in the judg-. ment upon the note, is defective, because the agent's means of knowing the fact to which he deposed are not stated therein. *McCabe v. Sumner*, 40 Wis., 386. This omission, however, is not a defect reaching the jurisdiction and rendering the judgment void, but is a mere irregularity. A similar omission was so regarded and dealt with in the case just cited. The defect being only an irregularity, it is not sufficient ground for vacating the judgment, unless the judgment is unjust or inequitable. Such is the statutory rule (R. S., ch. 125, sec. 40), fully recognized in *McCabe v. Sumner*, and applied in a multitude of cases in this court, some of which are cited in *Bonnell v. Gray*, 36 Wis., 574. And because the power to vacate a judgment by confession is an equitable power, and, whether exercised by courts of law or equity, is always exercised on equitable principles (*Brown v. Parker*, 38 Wis., 21), such is doubtless the rule of this case, irrespective of the statute. And more especially is the rule applicable here, because the warrant of attorney contains the usual clause for a release of errors, which was wanting in *McCabe v. Sumner*, *supra*, and the effect of which clause is there stated.

Is the judgment unjust or inequitable? It is not so unless the motion papers show that the warrant of attorney was fraudulently obtained, or unless the judgment is too large. The affidavits and letters used on the hearing of the motion to vacate the judgment have been carefully examined. They are too voluminous to insert in the report of the case. It must suffice to say that, after due consideration of them, we are entirely satisfied that no fraud was practiced upon the defend-

ants, but that they knew, when they signed the note, that it contained a warrant of attorney to confess judgment upon it. If they were ignorant of its legal effect, that is their misfortune, but is not a ground for relief. *Ignorantia juris non excusat.* It seems incredible, however, that the defendants, being merchants, should be ignorant of the nature of a security in universal use by bankers and business men.

We are also satisfied that the judgment is for the sum actually due on the note. The affidavit of Mr. Sweet to that effect is strongly corroborated by the letters of the defendants. Indeed, it was not claimed on the argument of the appeal that the judgment was too large.

We conclude, therefore, that the judgment is not unjust or inequitable, and should not have been vacated.

It may also be remarked that it appeared on the hearing of the motion that Mr. Sweet had personal knowledge of the amount due on the note when he caused the judgment to be entered, and hence was competent to make the affidavit required by the statute to be annexed to the complaint. This fact is entitled to some weight in determining whether the judgment shall stand.

Many questions of practice were discussed by counsel, but we have not found it necessary to determine them.

*By the Court.* — The order of the circuit court refusing to vacate the order made by the judge at chambers, is reversed, and the cause remanded for further proceedings according to law.