Pressley, Sheriff, v. The Board of Commissioners of Marion County.

---

No. 9049.

PRESSLEY, SHERIFF, v. THE BOARD OF COMMISSIONERS OF
MARION COUNTY.

SHERIFF.—*Fees.*—*Boarding Prisoners.*—*Allowance.*—*Time.*—*Statute Construed.*
—Under the fee and salary act of March 12th, 1875, 1 R. S. 1876, p. 467, a sheriff is not entitled to charge for boarding a prisoner in his custody, for a full day when he, in fact, furnished the prisoner board for part of a day only.

From the Marion Superior Court.

*W. W. Herod* and *F. Winter*, for appellant.

*A. C. Harris*, for appellee.

MORRIS, C.—The question involved in this case is the construction and meaning of the following provision in the fee and salary law of 1875, viz.:

" The sheriffs of the several counties of the State shall tax and charge the following fees and none other, to wit: * * * For boarding each prisoner lawfully in his charge, per day, sixty cents."

The appellant insists that, as sheriff of Marion county, when a prisoner is committed to his charge on one day and discharged by him on another, and some board is furnished to the prisoner on each day, the full sum of sixty cents may be charged by him for each day. On the other hand, it is contended that the sum of sixty cents allowed per day may be apportioned, and that the appellant should be allowed only for one-third of a day—twenty cents—where he in fact only furnishes the person one-third of a day's board.

The appellant insists that as the law knows no fraction of a day, the sheriff is entitled to charge sixty cents for each day on which he furnishes a prisoner, lawfully in his charge, with any board, though less than a day's board. In support of this position, we are referred to the following cases: *Judd* v. *Fulton,* 4 How. Pr. 298; *Small* v. *McChesney,* 3 Cowen 19; *Rogers* v. *Beach,* 18 Wend. 533; *Havens* v. *Dibble,* 18 Wend. 655; *Clute* v. *Clute,* 3 Denio, 263; *Blydenburgh* v. *Cotheal,* 4 N. Y. 418; *Clute* v. *Clute,* 4 Denio 241; *Columbia T. R.* v. *Haywood,* 10 Wend. 422.

These cases established the rule, that, generally, the law will not regard the fraction of a day. But they also hold that the rule is a fiction of law, indulged for convenience and to promote the ends of justice, but never allowed where it will promote injustice or wrong.

In *Clute* v. *Clute,* 4 Denio 241, the court says: "In general, fractions of a day are unknown to the law, that period being regarded as *punctum temporis* and indivisible. This, to be sure, is a legal fiction, introduced and adhered to for the sake of justice, but which will not be allowed to deprive any one of his rights; for 'where justice requires it, the exact time in the day in which an act was performed, may be shown by proof.' "

In the case of *Clute* v. *Clute*, 3 Denio 263, the court says: "As a general rule the court does not inquire into the fractions of a day, except for the purpose of guarding against injustice."

In *Bigelow* v. *Wilson*, 1 Pick. 485, Judge WILDE says, in speaking of the rule that the law will not regard the fraction of a day : " I admit that this maxim is a fiction of law, and that, when it is material to distinguish, the truth may be shown ; for a fiction of law, introduced for the sake of convenience and justice, ought never to be allowed to work a wrong."

If the sum specified is a fair compensation for the food consumed by a prisoner in one day, it would be more than a just compensation for the quantity consumed by him in one-third or two-thirds of a day, and in justice the sheriff ought not to be paid for a full day's board for one meal, or one-third of a day's board. If an employer should agree to pay his employe one dollar per day for his work, no one would think the latter entitled to a dollar for a half day's work. Nor, should one agree to board another for a dollar per day, or six dollars per week, would it be thought that the landlord could charge the boarder a dollar for a half day's board, or six dollars for less than a week's board.

It is said by the appellant's counsel that the law allows jurors $2 per day for their services ; that if a juror is called to try a case, though it takes but an hour and he is then discharged, he is allowed $2 for a full day. This is true, and here the rule, that the law will not regard the fraction of a day, applies, for it is obvious that time in this case is referred to as a unit ; that the time of the juror is to be paid for, and the word "day" is used to designate the indivisible unit of time to be so paid for.

The appellant also insists that the allowance for board was intended to compensate the sheriff for the time and trouble of receiving and discharging prisoners as well as for boarding them, that, if this is not so, the sheriff receives nothing for such services and trouble. But the language of the act

excludes such an idea. It is given for boarding the prisoner alone and for nothing else. If nothing is allowed the sheriff by the law for receiving and discharging prisoners, he must be understood, by accepting the office, to have agreed to render such services gratuitously. He can not claim, for such services, sums allowed by law for other and distinct services.

The case of *The City of Indianapolis* v. *Parker*, 31 Ind. 230, may not be strictly in point upon the main question, but it should not be overlooked. The court says: "Although there seem to us to be items included in the account which can not find any justification in law, as the charge for two days' boarding where the prisoner was placed in the custody of the sheriff a short time before midnight and discharged therefrom a short time after that hour."

If the inference is that no board was furnished in the case, but the prisoner was received and discharged, and if the sixty cents per day was intended to pay for such service, it would seem that the "items" mentioned would not be altogether without justification. Indeed, upon the theory of the appellant, it would be difficult to see any good reason why the sheriff should not have recovered for the two days' boarding as charged. Having performed a part of the service on the two several days, he was entitled to full pay, unless the actual time could be shown. It is, to say the least of it, a strong indication that the court did not regard the receipt and discharge of the prisoner as any part of the service to be paid for by the sixty cents per day, to be allowed for boarding a prisoner.

We think the judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.