ROGERS, Respondent, vs. CHERRIER, Appellant.

*October 19 — November 5, 1889.*

*(1–4) Judgment on note without action: Affidavit of amount due: Release of error: Avoiding judgment: Purchaser of property seized on execution. (5) Execution: Filing transcript in another county: Premature levy.*

1. Under sec. 2896, R. S., providing that where judgment is entered on a note without action " the plaintiff, or some one in his behalf, shall make and annex to the complaint an affidavit stating the amount due or to become due on the note," an affidavit stating that it is made by the affiant as the attorney of the plaintiff, he not being a resident of the county, sufficiently shows that it is made on behalf of the plaintiff.

2. Where such affidavit states that the facts alleged in the complaint are true to the knowledge of the affiant, and the complaint states the amount due on the note, the affidavit is probably sufficient in that respect.

3. Where the judgment on the note has been entered on a warrant of attorney authorizing the attorney confessing the judgment to release errors, and where such errors have been released accordingly, the judgment will not be set aside because of the insufficiency of the affidavit, in the absence of any equities on the part of the defendant.

4. One who purchases from the defendant property which he knows has been seized and is held by the sheriff under an execution issued upon a judgment so entered, is in no better situation than the defendant himself to avoid the judgment on account of the insufficiency of such affidavit.

5. An execution cannot be regularly issued to the sheriff of a county other than that in which the judgment was rendered until a transcript has been properly filed in such other county. But where such an execution was prematurely issued and levied, the subsequent filing of the transcript cures the defect as to all persons claiming the property levied upon by a conveyance from the defendant made subsequent to such filing.

APPEAL from the Circuit Court for *Crawford* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The evidence in .this case shows that the appellant, as sheriff of Crawford county, on the 20th day of July, 1886, levied upon a stock of goods belonging to Henry E. Rogers, by virtue of an execution issued out of the circuit court of Vernon county, upon a judgment in favor of N. McKie against Henry E. Rogers. Judgment was entered July 19, 1886, and was docketed in Crawford county on July 20, 1886, at 8 o'clock p. m. It also appears that the appellant levied upon such stock of goods by virtue of such execution about 2 o'clock p. m. on the said 20th of July, 1886. The execution was regular on its face, and recited that the judgment had been docketed in Crawford county. On the 6th day of August, 1886, and while the sheriff was in possession of said stock of goods, claiming to hold them by virtue of said execution, the said Henry E. Rogers executed a bill of sale of such goods to the plaintiff and respondent in this action, reciting in said bill of sale a consideration of $1,132. After receiving this bill of sale, and on the 7th day of August, 1886, the said plaintiff demanded the possession 'of said stock of goods from the appellant, and he refused to deliver the same. Thereafter this action was commenced, to recover the value of said goods. After hearing the evidence, the court rendered a judgment in favor of the plaintiff for the value of said goods. From such judgment the defendant appealed to this court.

The cause was submitted for the appellant on the brief of *Proctor & Skaar,* and for the respondent on that of *O. B. Wyman* and *W. S. Field.*

For the appellant it was contended, *inter alia,* that though the affidavit may be irregular, such irregularity is not a jurisdictional defect and does not render the judgment void. *McCabe v. Sumner,* 40 Wis. 386; *Pirie v. Hughs,* 43 id. 531; *Sloan v. Anderson,* 57 id. 123. The respondent has no greater right to complain of errors and irregularities than the execution defendant had, and, as between the parties

thereto, a judgment upon a warrant of attorney is not void nor will it be set aside because the plaintiff's affidavit annexed to the complaint is defective. *Reiley v. Johnston*, 22 Wis. 279; *Hawks v. Pritzlaff*, 51 id. 160, 163; *Pirie v. Hughs*, 43 id. 531; *Miller v. Earle*, 24 N. Y. 112; *Lee v. Figg*, 37 Cal. 336; *Plummer v. Douglas*, 14 Iowa, 69; *Pond v. Davenport*, 44 Cal. 486; Freeman on Judgments, 557. The levy of the execution before the transcript of the judgment was filed in Crawford county was irregular, but the subsequent filing thereof cured the defect. *Clute v. Clute*, 3 Denio, 263; *S. C.* 4 id. 241; *Chichester v. Cande*, 3 Cow. 39; *Small v. M'Chesney*, 3 id. 19; *Marvin v. Herrick*, 5 Wend. 109; *Baldwin v. Perry*, 61 id. 293; *Jones v. Porter*, 6 id. 288; *Blydenburgh v. Cotheal*, 4 N. Y. 418; *Stoutenburgh v. Vandenburgh*, 7 How. Pr. 233.

TAYLOR, J. The court, under a stipulation of the parties, decided all the issues in the case except as to the value of the property. The court found that the judgment upon which the execution was issued was void, because the affidavit, required in such cases by sec. 2896, R. S., to be made and annexed to the complaint, was not made. The court also found as a fact that no transcript of the judgment was filed in Crawford county until after the sheriff had made his levy upon such stock. It is not, however, found that the sheriff knew that fact at the time he made his levy. The court does not find as a question of law that the sheriff's claim to the property under such levy, after the transcript was in fact filed, was not a lawful claim if the judgment upon which the execution issued was a valid judgment.

The judgment upon which such execution was issued was a judgment entered up in the circuit court of Vernon county upon a note with a warrant of attorney to confess judgment thereon attached thereto. The judgment record

shows that a complaint was filed upon the note in regular form, setting out the note and claiming that there was due on such note at the time of filing such complaint the sum of $4,000 principal and $157.23 interest, and demanding judgment for that sum. Attached to such complaint is the following affidavit: "State of Wisconsin, Vernon county — ss.: O. R. Skaar, being duly sworn, says that he is one of the attorneys of the plaintiff in this action; that the within complaint is true of his own knowledge, except as to those matters therein stated upon information and belief, and as to those matters he believes it to be true. Deponent further says that the reason why the verification is not made by the plaintiff is that the plaintiff is not within the county of Vernon, where deponent resides; that the action is founded upon a written instrument for the payment of money only, and such instrument is in the possession of deponent; and that his knowledge and the grounds of his belief are derived from said instrument. O. R. SKAAR. Sworn to before me, this 19th day of July, A. D. 1886. H. P. PROCTOR, Notary Public, Vernon county, Wis."

J. C. Officer appeared as attorney for the defendant and filed the following answer: "Circuit court, Vernon county. *N. McKie, Plaintiff, against Henry E. Rogers, Defendant.* ANSWER. And now comes the above-named defendant, by J. C. Officer, his attorney, and by virtue of the power of attorney hereto annexed waives the service of process upon the said defendant, and enters his appearance herein, and confesses all the allegations in the plaintiff's complaint, and that there is due from the defendant to the plaintiff on the note described therein the sum of four thousand two hundred and seven dollars and twenty-three cents, and hereby confesses and authorizes judgment for that amount, together with costs, and now here releases all errors which may intervene in entering up judgment hereon and in issuing execution on such judgment, and waives notice of the

taxation of said costs, and consents that the same may be taxed and allowed at the sum of fourteen and three one-hundredths dollars.   J. C. OFFICER, Defendant's Attorney."

It will be seen from the papers found in the judgment roll, that the power of attorney to confess judgment authorized the attorney who signed the *cognovit* "to waive and release all errors that may intervene in entering said judgment or issuing execution thereon," etc.   It will also be seen that by the answer filed the attorney for the defendant "releases all errors which may intervene in entering up judgment hereon and in issuing execution on such judgment."

Is this judgment void, as held by the court below, for want of the affidavit required by said sec. 2896, R. S.? After a careful consideration of the question, we think such judgment is not void, especially as between the parties to such judgment.   In this case, the plaintiff, having taken title to the property knowing that the sheriff was in possession thereof holding the same under such judgment and execution, is in no better situation than the defendant in the execution would be had he brought the action.   Sec. 2896, R. S., so far as applicable to this case, reads as follows: "The plaintiff shall file with his complaint an answer, signed by the defendant, or some attorney in his behalf, confessing the amount claimed in the complaint or some part thereof; and in case such answer is signed by an attorney, an instrument authorizing judgment to be confessed or entered shall be produced to the court or judge signing the judgment, and shall be made a part of the judgment roll.   The plaintiff, or some one in his behalf, shall make and annex to the complaint an affidavit stating the amount due or to become due on the note or bond; or, if such note or bond is given to secure any contingent liability, the affidavit must state concisely the facts constituting such liability, and must show that the sum confessed does not

exceed the same." The judgment roll in this case shows a complaint which sets out the note and states the amount due thereon. It shows an answer filed by an attorney, confessing the amount due on said note. It shows the note itself, and the warrant of attorney, which authorizes the attorney to file an answer confessing the amount due, and that such note and warrant of attorney were presented to the judge who signed the judgment roll; and they constitute a part of such roll. The judgment roll also shows that an affidavit was made and annexed to the complaint, a copy of which is given above.

Is not this affidavit a compliance with the statute? It is a compliance so far as the statute requires the affidavit to be made and annexed to the complaint. It is also, we think, a compliance so far as it is necessary to be made by the plaintiff or some one in his behalf. It states that it is made by the affiant as the attorney of the plaintiff, and is made by him because the plaintiff is not a resident of the county where the action was commenced. We think there is enough appearing on the face of the affidavit to show that it was made on behalf of the plaintiff. *Blaikie v. Griswold,* 10 Wis. 293; *McCabe v. Sumner,* 40 Wis. 386; *Wiley v. Aultman,* 53 Wis. 560, 568. If there be any objection to the affidavit, it is that it does not state the amount due upon the note. It is true that the amount due on the note is not stated in the affidavit itself; but the amount due on the note is stated in the complaint, and the affidavit states that the facts stated in the complaint are true to the knowledge of the person making the affidavit. Suppose this affidavit had been made by the plaintiff in the action, would he not be guilty of perjury in making the affidavit, if he knew the amount stated as due in the complaint was not then due? It seems to me very clear that he would be equally guilty as he would have been if he had stated in his affidavit that at the time of making the same there was the

same sum due on the note set out in the complaint as was stated in the complaint.

But, if it be admitted that there might be a just criticism made as to the sufficiency of such affidavit, still, as between the parties to the action, the judgment is not void, although it might be voidable and set aside on the motion of the defendant. But in such case, when the judgment has been entered upon a warrant of attorney which authorizes the attorney confessing the judgment to release errors, and when such errors have been released by such attorney, the court would not set aside the judgment, even on motion, in the absence of any equities on the part of the defendant. See *Van Steenwyck v. Sackett*, 17 Wis. 645, 657; *McCabe v. Sumner*, 40 Wis. 386, 389; *Reiley v. Johnston*, 22 Wis. 279, 286; *Pirie v. Hughes*, 43 Wis. 531, 534; *Bonnell v. Gray*, 36 Wis. 574, 581; *Miller v. Earle*, 24 N. Y. 110; *Neusbaum v. Keim*, 24 N. Y. 325; *Hopkins v. Nelson*, 24 N. Y. 518; *Frasier v. Frasier*, 9 Johns. 80. The cases of *Nichols v. Kribs*, 10 Wis. 76; *Thompson v. Hintgen*, 11 Wis. 112, and others of the like nature, were cases arising under a statute which authorized a confession of judgment without a warrant of attorney, and in which there was no authority to release errors on the part of any one. The above cases, we think, fully establish the rule that the judgment entered in this case was not void as against the defendant in the judgment; nor do we think that the same would have been set aside as irregular, even upon the motion of the defendant, in the absence of anything showing that it was inequitable as against him. While the judgment stood it was sufficient to justify the sheriff in levying the execution issued thereon.

But it is said the execution was prematurely issued, and so was no justification to the sheriff. Under our statute an execution cannot be regularly issued, running to the sheriff of a county other than that in which the judgment is rendered, until a transcript of such judgment has been filed in

the office of the clerk of the court of such other county. See secs. 2901, 2971, R. S.; *Kentzler v. C., M. & St. P. R. Co.* 47 Wis. 645; *Drake v. Harrison,* 69 Wis. 113. Under the statute and the above decisions there can be no doubt but that the execution in this case was prematurely issued, as it was issued and the levy made several hours before the transcript of the judgment was filed in Crawford county, although it was filed on the same day. We think, however, the subsequent filing of the transcript cured the defect as to all persons who made claim to the property levied upon by a conveyance from the defendant in the execution made subsequently to the filing of such transcript. This has been repeatedly held by the courts in New York under a similar state of facts. See *Clute v. Clute,* 4 Denio, 241; *Clute v. Clute,* 3 Denio, 263; *Chichester v. Cande,* 3 Cow. 39; and several other cases cited by the learned counsel for the appellant in their brief. The court said, in the case of *Clute v. Clute,* 4 Denio, 243: " Until the record of judgment is filed, an execution issued thereon is not only irregular, but, as was observed by Chief Justice SAVAGE, it is 'a mere nullity.' *(Marvin v. Herrick,* 5 Wend. 109.) But on the filing of the record it ceases to be a nullity, and thenceforth, there being a regular judgment to uphold the execution, it becomes effective as against the defendant therein, as well as all others who have an interest in the question. *(Small v. McChesney,* 3 Cow. 19; *Clute v. Clute,* 3 Denio, 263.)" We see no reason for holding that in such case it is necessary to withdraw the execution from the hands of the sheriff, and redeliver it to him, or to issue a new execution, in order to make it effective. There is nothing in the cases of *Kentzler v. C., M. & St. P. R. Co.* 47 Wis. 645, and *Drake v. Harrison,* 69 Wis. 113, in conflict with the rule as stated by the New York courts. In the first case the judgment was issued from the Dane county circuit court to the sheriff of Milwaukee county, and it

does not appear that a transcript of judgment had ever been filed in the court of Milwaukee county, either before or after the issuing of the execution. This court held the execution void, and that it would not support a garnishment in aid of such void execution. In the case of *Drake v. Harrison* there was no question raised at all similar to the one in this case. Whether the execution should be held good on the ground that the transcript was filed on the same day it was issued, although after its issue, need not be determined in this case, as we hold that, as between the parties to the action and all those claiming under such parties by title acquired subsequently to the filing of the transcript, the right of the sheriff to hold the property under the execution is paramount.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment in favor of the defendant in the action.